UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RYAN HAYGOOD, DDS, ET AL            CIVIL ACTION NO: 13-0335

VERSUS            JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendants, Ross H. Dies, DDS, and Ross H. Dies, J. Cody Cowen, and Benjamin A. Beach, DDS, LLP (hereafter collectively referred to as "Defendants"). See Record Document 20. For the reasons which follow, the Motion to Dismiss is **DENIED**.

**BACKGROUND**

The facts of this case are well-established and provided in its Memorandum Ruling of the Motion to Dismiss filed by defendants Robert K. Hill, DDS and Hill, DDS, Inc.

**LAW AND ANALYSIS**

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly

standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**II. Legal Analysis**

**A. Claims Against Defendants for Alleged Violations of Louisiana Unfair Trade Practices and Consumer Protection Act**

The pending claim against the Defendants under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), in regard to the Defendants' Motion to Dismiss, has been ruled upon in favor of the Plaintiffs by the Louisiana Second Circuit Court of Appeal. The ruling permitted discovery to move forward regaring the LUTPA claim.

The Louisiana Supreme Court denied the Defendants' writ of certiorari on the issue, thereby making the Second Circuit ruling final. The Full Faith and Credit Statute, 28 U.S.C. 1738, mandates that federal courts give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged. Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 (1970). Therefore, Defendants' Motion to Dismiss on this issue is **DENIED WITH PREJUDICE**.[1]

**B. All Other Claims Against Defendants**

The Memorandum submitted to the Court by these Defendants on all other issues adopts and incorporates by reference the arguments and authorities cited by Dr. Hill's Motion to Dismiss, Record Document 18-3. The Court finds the differences between these Defendants and Dr. Hill substantially different.[2] Therefore, the Defendants' Motion to Dismiss these issues is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated, because there is a final decision by the state court, the LUTPA claims are **DENIED WITH PREJUDICE**. All other claims are **DENIED WITHOUT PREJUDICE** because the Defendants' brief fails to adequately address the issues pertaining to these Defendants. Therefore, the Motion to Dismiss filed these Defendants

---

[1] While the Court declines to dismiss this cause of action based on the decision of the Louisiana Supreme Court to deny the defendants writ of certiorari regarding the holding by the Louisiana Second Circuit, it may decline to assert supplemental jurisdiction depending upon further rulings on Motions to Dismiss by the other named Defendants, including those added with the First Supplemental, Amended and Restated Complain [Record Document 71-2].

[2] Dr. Hill, unlike these Defendants, was not named in the state court lawsuit which may have interrupted prescription. Dr. Hill's brief [Record Document 18-3] fails to address this particular issue, and therefore, the issue is not address in this instant Motion to Dismiss.

is hereby **DENIED** in all respects.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 31st day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE