UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, DDS and HAYGOOD DENTAL CARE, LLC | CIVIL ACTION NO. 13-CV-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Dismiss (Record Document 24) filed by Robert K. Hill, D.D.S. (hereafter referred to as Dr. Hill), and Hill, D.D.S., Inc. under Rule 12(b)(6) and in the alternative, Motion for Summary Judgment and Motion for a More Definite Statement Under Rule 12(e) filed by Robert K. Hill, DDS and Hill, DDS, Inc. See Record Document 24. For the reasons which follow, the Motion to Dismiss under Rule 12(b)(6) is **GRANTED**.

**BACKGROUND**

The allegations in the instant suit relate to formal complaints by patients and other dentists which eventually led to an investigation and administrative proceeding wherein Dr. Ryan Haygood's dental license was revoked by the Louisiana State Board of Dentistry ("Dental Board"). The Dental Board initially became involved because of a complaint against Dr. Haygood, claiming that he recommended extensive and expensive treatment plans after over-diagnosing/unnecessarily diagnosing patients with peridontal disease. The investigation and resulting administrative proceeding took place over a three year period.

On November 8, 2010, at the conclusion of four days of adversarial hearings, which included the presentation of witnesses, experts and medical / dental evidence, a three-member disciplinary panel revoked Dr. Haygood's dental license and levied fines against him. This punishment was imposed due to Dr. Haygood's violations of the Dental Practice

Act. Louisiana Revised Statute Section 37:751 et seq.

Dr. Haygood appealed the November 8, 2010 decision of the Dental Board to the Civil District Court of Orleans Parish ("CDC") Docket No. 2010-12060. On May 31, 2011, the CDC affirmed some of the findings, but remanded part of the case the to Dental Board due to the erroneous inclusion of charges against Dr. Haygood that were previously dismissed. In all other respects, the CDC affirmed the Dental Board's decision. Dr. Haygood appealed the portion of the May 31, 2011 decision of the CDC which was affirmed to the Louisiana Fourth Circuit Court of Appeal, Docket No. 2011-CA-1327.

On August 29, 2011, the Dental Board issued a decision regarding the remanded portion of the suit. It again levied fines against Dr. Haygood and affirmed the revocation of his dental license in its Amended Decision After Remand. This decision was also appealed by Dr. Haygood to the CDC, which affirmed the ruling on December 9, 2011. The two decisions by the CDC (May 31, 2011 and August 29, 2011) were consolidated on appeal to the Louisiana Fourth Circuit Court of Appeal. The Fourth Circuit vacated and remanded the Dental Board's ruling, finding that the Dental Board's independent counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator in violation of Dr. Haygood's due process rights.

Plaintiffs, Ryan Haygood, DDS and his dental limited liability company, brought the instant lawsuit against Dr. Hill and Hill, D.D.S., Inc., among other defendants, on February 13, 2013, alleging damages arising out of violations of 42 U.S.C. 1983, and 15 U.S.C. § 1 and § 2, as well as Louisiana state law claims for defamation and for violations of the Louisiana Unfair Trade Practices Act - LSA-R.S. 51:1409 et seq. (Document 1). The defendant filed a Motion to Dismiss for failure to state a claim and dismissal due to

untimeliness in regards to violations of 42 U.S.C. § 1983, antitrust violations, defamation, and violations of the Louisiana Unfair Trade Practices Act.

## LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider

documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**I. Claims against Hill, D.D.S., Inc.**

Plaintiffs fail to address their claims against Hill, D.D.S., Inc. in their response to Defendant's Motion to Dismiss. Plaintiffs therefore concede all claims against Hill, D.D.S., Inc. As demonstrated by the filing with the Louisiana Secretary of State, Hill, D.D.S., Inc. Was dissolved in 2006. [Record Document 24-3]. Therefore, Hill, D.D.S., Inc.'s Motion to Dismiss is **GRANTED**.

**II. Claims against Dr. Hill**

**A. 42 U.S.C. § 1983**

Dr. Haygood claims a violation by Dr. Hill under Title 42, Section 1983 of the United States Code. To state a claim under this statute, Dr. Haygood must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under the color of state law. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999). "[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id.

4

Dr. Haygood alleges that Dr. Hill, together with the other named defendants, including the state dental board, conspired to limit competition in the Shreveport/ Bossier City area. Dr. Haygood is essentially claiming that Dr. Hill was a willful participant in conspiracy with the Dental Board. Dr. Hill denies the allegation, and further asserts that the claim for the alleged wrongdoing has prescribed.

This court will first address the prescription issue. Claims brought under Title 42, Section 1983 of the United States Code are subject to state statutes of limitation for personal injury actions. Owens v. Okure, 488 U.S. 235, 249-251 (1989). In Louisiana, there is a one (1) year prescriptive period for § 1983 claims, as established by LSA-C.C. Art. 3492. Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995); Smith v. Humphrey, 10-1070, 2012 WL 1970883 *2 (W.D. La. 04/09.12); adopted by 2012 WL 1969317. In the case of a conspiracy, the prescriptive period begins to toll from the moment that the plaintiff knew or should have known of the overt acts involved in the conspiracy. Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987); Smith, supra at *3. Therefore, the claims asserted under 42 USC § 1983 in the instant case are subject to a one (1) year prescriptive period.

Dr. Haygood filed a state court claim against all of the defendants, except Dr. Hill and Hill D.D.S., Inc. on September 27, 2011. See Record Document 24-1, page 24. There was no action brought against Dr. Hill and Hill D.D.S., Inc. until the instant case was filed on February 13, 2013. Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly knew, or should have known, of the overt acts involved in the alleged conspiracy at least two years before the instant suit was filed. Therefore, this court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by Dr. Hill has prescribed under Louisiana law.

The Court additionally notes that, even if this action had not prescribed, Dr. Hill's Rule 12(b)(6) Motion would be granted because Dr. Haygood's bald conclusory allegation that these defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. 15 U.S.C. § 1 and § 2**

The Sherman Act, 15 U.S.C. § 1 and § 2, provides the framework to forbid monopolies within the United States. To establish a violation under Section 1, the plaintiff must prove: (1) the defendants engaged in a conspiracy, (2) that restrained trade (3) in the relevant market. Gold Bridge Technology, Inc. v. Motorola, Inc., 547 F.3d 266, 271 (5th Cir. 2008), cert denied 556 U.S. _____ (2009); Apani Sw. Inc. v. Coca-Cola Enter., Inc., 300 F.3d 620, 627 (5th Cir. 2002); Johnson v. Hosp. Corp. of Am., 95 F.3d 383, 392 (5th Cir. 1996). To establish the first element, "the complaint must contain enough factual matter to suggest that an agreement among the alleged conspirators was actually made." Dowdy & Dowdy Partnership v. Arbitron, Inc., 2010 WL 3942755, *3 (S.D. Miss. 2010)(ctiing Twombly at 556). The first element that must be shown by the plaintiff is that the defendants engaged in a conspiracy. Dr. Haygood cites a holding by the Fifth Circuit in a pre-Twombly world which stated, "although plaintiffs may be unable to allege specific facts proving actual of agreement or conspiracy, the pleadings are sufficient if they set forth facts which an inference of unlawful agreement can be drawn." Brett v. First Federal Sav. & Loan Ass'n, 461 F.2d 1155, 1158 (5th Cir., 1972). However, Twombly changed federal pleading practice. The Twombly decision, which provides the current pleading rules, was also cited by Dr. Haygood. The Supreme Court in that decision stated:

6

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

Twombly at 545.

Here, Plaintiffs allege that Dr. Hill wrote a letter to a state dental board about Dr. Haygood and helped patients do the same. Dr. Haygood argues that these actions provide a basis for the Court to hold that there is a "reasonable expectation that discovery will reveal evidence of an illegal agreement." The Court is unpersuaded by this argument. The drafting of a letter by a licensed dentist to the Dental Board, and helping patients do the same, fails to rise to the minimum pleading requirement to infer the existence of a conspiracy.

## C. State Law Defamation Claim

Dr. Haygood's next cause of action against Dr. Hill is for defamation under Louisiana state law. Under Louisiana law, defamation, which is a delictual action, is subject to a one year prescriptive period. La. C.C. art. 3492. W.T.A. v. N.Y., 2010-839 (La. App. 3rd Cir. 3/9/11) 58 So.3d 612, 617, *writ denied,* 2011-0491 (La. 05/06/11) 250 So.3d 1285; Farber v. Bobear, 2010-0985 (La. App. 4th Cir. 1/19/11), 56 So.3d 1061, 1069; Doughty v. Cummings, 44,812 (La. App. 2nd Cir. 12/30/09), 28 So.3d 580, 583, *writ denied,* 2010-0251 (La. 04/09/10), 31 So.3d 394; Clark v. Wilcox, 2004 - 2254 (La. App. 1st Cir. 12/22/05), 928 So.2d 104, 112,*writ denied,* 2006-0185 (La. 6/2/06), 929 So.2d 1252; see also Federal & Deposit Co. of Maryland v. Smith, 730 F.2d 1026, 1035 (5th Cir. 1984). Under Article 3492 of the Louisiana Civil Code, prescription in a defamation case tolls from the date injury or damage is sustained. Farber, 56 So.3d at 1069. Each publication or communication of a

7

defamatory statement is a separate cause of action; therefore, multiple publications or communications are independent and cannot be considered to be continuous. Wiggins, 475 So.2d at 781; see also Collinson v. Tarver Land Dev., LLC., 11-1787, 2012 WL 688551 *1 (W.D. La. 02/01/2012).

The defendant pleading prescription typically bears the burden of proving that the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg v. Chevron USA, Inc., 2009-2632 (La. 7/6/10), 45 So.3d 991, 998; W.T.A., 58 So.3d at 617; Farber 56 So.3d at 1069.

According to the Complaint the instant case, in 2006 Dr. Hill encouraged his patients to draft complaints to the Dental Board, and assisted patients in the process. See Record Document 1, paragraphs 21, 54). Further, Dr. Hill drafted his own letter to the dental board's private investigator on April 16, 2007. (See Exhibit "B" referenced in Record Document 1, paragraph 56). Dr. Haygood filed his initial claim for damages against all of the defendants' listed in the instant case, except Dr. Hill and Hill D.D.S., on September 26, 2011. Paragraph 60 of the original Petition for Damages alleges damages suffered by Dr. Haygood and Haygood Dental Care, LLC, including "both financial loss, reputational loss and substantial general damages of embarrassment, humiliation and worry." See Record Document 24-5, labeled Exhibit "C." Additionally, Dr. Haygood alleges that he was "deprived of the opportunity to practice dentistry in his home town" due to intentional and malicious acts. See Record Document 24-5, labeled Exhibit "C."

Based on this information, it is apparent that Dr. Haygood was fully aware of any damages caused by the allegedly defamatory letters not later than September 26, 2011,

the date of his state court filing, at the very latest. Plaintiffs failed to name Dr. Hill and Hill D.D.S. as defendants in the state court proceeding. Accordingly, Court finds that the claim for defamation against Dr. Hill and Hill D.D.S., Inc. have also prescribed.

**D. Louisiana Unfair Trade Practices Act - LSA-R.S. 51:1409 et seq.**

As set forth above, the plaintiffs have not established a plausible claim of conspiracy between Dr. Hill and the other named defendants. Therefore, the Court will examine this claim separately.

LSA-R.S. 51:1405(A) prohibits any "unfair or deceptive acts or practices in the conduct of any trade or commerce." The Courts have the power to determine, on a case-by-case basis, the type of conduct that falls within that category. Sheramine Services, Inc. v. Shell Deepwater Production Company, Inc., 2009-1633 (La. 04/23/10), 35 So.3d 1053, 1059. The Sheramine decision provides additional guidance. There the Louisiana Supreme Court required that a plaintiff must allege conduct that "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantial[ly] injurious." Id.; Cargill, Inc. v. Degesch America, Inc., 875 F. Supp. 2d 667, 676 (E.D. La. 2012); Jones Energy Co., LLC v. Chesapeake Louisiana, L.P., 873 F. Supp. 2d 779, 789 (W.D. La. 2012).

The allegations that Dr. Hill wrote a letter to the Dental Board and encouraged patients to do the same fails to rise to the level of facts necessary to support a claim under this Louisiana statute. Therefore, the Motion to Dismiss this claim is granted.

## CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by Dr. Hill and Hill, D.D.S.,

LLC is **GRANTED**. Court finds that (1)Plaintiffs fail to address their claims against Hill, D.D.S., Inc. in their response to the Defendant's Motion for Summary Judgment; (2) the claimed violations of 42 U.S.C. 1983 and the state law defamation by Dr. Hill have prescribed; (3) Plaintiffs failed to meet the <u>Twombly</u> standard regarding the alleged violation of 15 U.S.C. §1 and §2; and (4) Plaintiffs failed to allege conduct that "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantial[ly] injurious" in regards to the Louisiana Unfair Trade Practices Act. All of Dr. Haygood's claims against Dr. Hill and Hill, D.D.S., Inc. are hereby **DISMISSED WITH PREJUDICE**.

  **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE