**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

RYAN HAYGOOD, DDS and                              CIVIL ACTION NO. 13-CV-0335
HAYGOOD DENTAL CARE, LLC

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET AL                                 MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before this Court is a Motion to Dismiss (Record Document 29) filed by Defendants

Barry Odgen, Camp Morrison, Dana Glorioso, and Karen Moorhead (hereafter referred to

as Defendants) under Rule 12(b)(6) and in the alternative, Motion for Summary Judgment

on the theory that the claims are not yet ripe and, thus this Court lacks subject matter

jurisdiction See Record Document 29. For the reasons which follow, the Motion to Dismiss

under Rule 12(b)(6) is **GRANTED**.

### BACKGROUND

The allegations in the instant suit relate to formal complaints by patients and other

dentists which eventually led to an investigation and administrative proceeding wherein Dr.

Ryan Haygood's dental license was revoked by the Louisiana State Board of Dentistry

("Dental Board"). The Dental Board initially became involved because of a complaint

against Dr. Haygood, claiming that he recommended extensive and expensive treatment

plans after over-diagnosing/unnecessarily diagnosing patients with peridontal disease. The

investigation and resulting administrative proceeding took place over a three year period.

On November 8, 2010, at the conclusion of four days of adversarial hearings, which

included the presentation of witnesses, experts and medical / dental evidence, a three-

member disciplinary panel revoked Dr. Haygood's dental license and levied fines against

him. This punishment was imposed due to Dr. Haygood's violations of the Dental Practice Act. Louisiana Revised Statute Section 37:751 et seq.

Dr. Haygood appealed the November 8, 2010 decision of the Dental Board to the Civil District Court of Orleans Parish ("CDC") Docket No. 2010-12060. On May 31, 2011, the CDC affirmed some of the findings, but remanded part of the case the to Dental Board due to the erroneous inclusion of charges against Dr. Haygood that were previously dismissed. In all other respects, the CDC affirmed the Dental Board's decision. Dr. Haygood appealed the portion of the May 31, 2011 decision of the CDC which was affirmed to the Louisiana Fourth Circuit Court of Appeal, Docket No. 2011-CA-1327.

On August 29, 2011, the Dental Board issued a decision regarding the remanded portion of the suit. It again levied fines against Dr. Haygood and affirmed the revocation of his dental license in its Amended Decision After Remand. This decision was also appealed by Dr. Haygood to the CDC, which affirmed the ruling on December 9, 2011. The two decisions by the CDC (May 31, 2011 and August 29, 2011) were consolidated on appeal to the Louisiana Fourth Circuit Court of Appeal. The Fourth Circuit vacated and remanded the Dental Board's ruling, finding that the Dental Board's independent counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator in violation of Dr. Haygood's due process rights.

Plaintiffs, Ryan Haygood, DDS and his dental limited liability company (hereafter referred to as Dr. Haygood or Plaintiffs), brought the instant lawsuit against Ogden, Morrison, Glorioso, and Moorhead, among other defendants, on February 13, 2013, alleging damages arising out of violations of 42 U.S.C. 1983, and 15 U.S.C. § 1 and § 2, as well as Louisiana state law claims for defamation and for violations of the Louisiana

Unfair Trade Practices Act - LSA-R.S. 51:1409 et seq. (Document 71-2). The defendant filed a Motion to Dismiss for failure to state a claim and dismissal due to untimeliness in regards to violations of 42 U.S.C. § 1983, antitrust violations, defamation, and violations of the Louisiana Unfair Trade Practices Act.

## LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  See  Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the

3

pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**B. Legal Analysis**

**1. 42 U.S.C. § 1983**

Dr. Haygood claims a violation by the Defendants under Title 42, Section 1983 of the United States Code. To state a claim under this statute, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under the color of state law. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999). "[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id.

Dr. Haygood alleges that these Defendants, together with the other named defendants, including the state dental board, conspired to limit competition among dentists in the Shreveport/ Bossier City area. Dr. Haygood claims that the defendants (individually and in conspiracy) "deprived and denied Plaintiffs of their constitutional and/or statutory rights." [Record Document 71-2, § 167]. Defendants deny the allegation, and further assert

4

that the § 1983 claim for the alleged wrongdoing has prescribed.

The Court will first address the prescription issue. Claims brought under Title 42, Section 1983 of the United States Code are subject to state statutes of limitation for personal injury actions. Owens v. Okure, 488 U.S. 235, 249-251 (1989). In Louisiana, there is a one (1) year prescriptive period for § 1983 claims, as established by LSA-C.C. Art. 3492. Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995); Smith v. Humphrey, 10-1070, 2012 WL 1970883 *2 (W.D. La. 04/09.12); adopted by 2012 WL 1969317. In the case of a conspiracy, the prescriptive period begins to toll from the moment that the plaintiff knew or should have known of the overt acts involved in the conspiracy. Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987); Smith, supra at *3. Therefore, the claims asserted in the instant case are subject to a one (1) year prescriptive period.

Dr. Haygood filed a state court claim which named these Defendants on September 27, 2011. However, no claim for a 42 U.S.C. § 1983 violation against these Defendants occurred  until the filing of the complaint in the instant matter on February 13, 2013. Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly knew, or should have known, of the overt acts which might constitute a § 1983 violation at least two years before the instant suit was filed. Therefore, this court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by the Defendants has prescribed under Louisiana law.

The Court finds the Defendant's argument citing Brossette v. City of Baton Rouge, 837 F.Supp. 759, 762 (E.D. La. 1993) compelling. In Brossette, a bar owner's liquor license was suspended by the Alcoholic Beverage Control Board ("ABCB") for violations of a Baton Rouge ordinance. The suspension was appealed through the Louisiana courts, and the

5

Louisiana Supreme Court ultimately reversed the decision and remanded the case for the district court for a new trial. Id. at 761. Following the Louisiana Supreme Court decision, Brosette filed a § 1983 claim in federal court. The federal court determined that the plaintiff's cause of action arose from a "single act" against Brossette, the suspension of this license. Therefore, the prescriptive period began to toll from the day he received notice that his license was suspended. Id. At 763. Accordingly, the claim was already prescribed on the day he filed the federal proceedings, more than a year after Brossette received notice of the suspension. Id. At 762.

The rationale applied in Brossette is directly on point in the instant matter. Dr. Haygood received notice of the revocation of his license on or about November 8, 2010. This single act of the Dental Board revoking Dr. Haygood's Dental License provides the date from which the one-year prescriptive period began to toll. Therefore, the § 1983 claim against the Plaintiffs was prescribed when suit was filed on February 13, 2013.

The Court additionally notes that even if this action was not prescribed, the Rule 12(b)(6) Motion filed by the Defendants nonetheless would be granted because Dr. Haygood's bald conclusory allegation that these Defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. 15 U.S.C. § 1 and § 2**

The Sherman Act, 15 U.S.C. § 1 and § 2, provides the framework to forbid monopolies within the United States. To establish a violation under Section 1, the plaintiff must prove: (1) the defendants engaged in a conspiracy, (2) that restrained trade (3) in the

6

relevant market. <u>Gold Bridge Technology, Inc. v. Motorola, Inc.</u>, 547 F.3d 266, 271 (5th Cir. 2008), cert denied 556 U.S. _____ (2009); <u>Apani Sw. Inc. v. Coca-Cola Enter., Inc.</u>, 300 F.3d 620, 627 (5th Cir. 2002); <u>Johnson v. Hosp. Corp. Of Am.</u>, 95 F.3d 383, 392 (5th Cir. 1996). The first element that must be shown by the plaintiff is that the defendants engaged in a conspiracy. To establish the first element, "the complaint must contain enough factual matter to suggest that an agreement among the alleged conspirators was actually made." <u>Dowdy v. Dowdy Partnership v. Arbitron, Inc.</u>, 2010 WL 3942755, *3 (S.D. Miss. 2010)(citing <u>Twombly</u> at 556). The Supreme Court in the <u>Twombly</u> decision further provided:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

<u>Twombly</u> at 545**.**

With regard to allegations of a conspiracy, courts have held that plaintiffs "must do more than plead facts that may be consistent with a conspiracy – [the plaintiffs] must plead facts that suggest a prior agreement between the Defendants." <u>Dowdy</u> at *4.

Here, Plaintiffs allege that the defendants were involved in a conspiracy to purposefully restrain trade among dentists in Northwest Louisiana. The allegation is based on claimed circumstantial evidence of communications between various named defendants. As the Defendants point out, the Plaintiffs fail to point to any facts regarding "(1) when, where, or how a conspiracy was formed, (2) that the Defendants, in fact, agreed to restrain the trade of dental services, (3) that Defendants communicated regarding the restraint of trade, or (4) that Defendants shared a common intent to restrain trade." Record Document

7

29-1 at p. 28. Accordingly, the plaintiff's compliant of a conspiracy as required under § 1 is simply a bare allegation and fails to meet the necessary pleading requirements established in Twombly.

Likewise, Dr. Haygood's allegation under § 2 also fails to meet the minimum requirement established by the Twombly standard. Section 2 states that it is illegal to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States." Further, Section 2 "covers both concerted and independent action, but only if that action 'monopolize[s]' or 'threatens actual monopolization,' a category that is narrower than restraint of trade." Am. Needle, Inc. v. Nat'l Football League, 130 S. Ct. 2201, 2208-2209 (2010)(internal citations omitted). To succeed under Section 2, "it is generally required that...a plaintiff must prove (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." Spectrum Sports, Inc. V. McQuillan, 506 U.S. 447, 113 S.Ct. 884, 890-891 (1983). Specifically, a plaintiff must show "the defendant's ability to lessen or destroy competition in that market." Id. at 457.

In the instant matter, Dr. Haygood fails to provide any plausible facts that these non-dentist Defendants had a "dangerous probability of actual monopolization." As mentioned supra, Dr. Haygood failed to provide plausible facts that these Defendants were involved in a conspiracy.[1] Therefore, Plaintiffs' claims for conspiracy against these Defendants are

---

[1]"One who does not compete in a product market or conspire with a competitor cannot be held liable as a monopolist in that market." White v. Rockingham Radiologists, Ltd., 820 F.2d 98, 104 (4th Cir. 1987).

8

**DISMISSED** pursuant to FRCP 12(b)(6).

## C. State Law Defamation Claim

Dr. Haygood's next cause of action against these Defendants is for defamation under Louisiana state law. Under Louisiana law, defamation, which is a delictual action, is subject to a one year prescriptive period. La. C.C. art. 3492. W.T.A. v. N.Y., 2010-839 (La. App. 3rd Cir. 3/9/11) 58 So.3d 612, 617, *writ denied,* 2011-0491 (La. 05/06/11) 250 So.3d 1285; Farber v. Bobear, 2010-0985 (La. App. 4th Cir. 1/19/11), 56 So.3d 1061, 1069; Doughty v. Cummings, 44,812 (La. App. 2nd Cir. 12/30/09), 28 So.3d 580, 583, *writ denied,* 2010-0251 (La. 04/09/10), 31 So.3d 394; Clark v. Wilcox, 2004 - 2254 (La. App. 1st Cir. 12/22/05), 928 So.2d 104, 112,*writ denied,* 2006-0185 (La. 6/2/06), 929 So.2d 1252; see also Federal & Deposit Co. of Maryland v. Smith, 730 F.2d 1026, 1035 (5th Cir. 1984). Under Article 3492 of the Louisiana Civil Code, prescription in a defamation case tolls from the date injury or damage is sustained. Farber, 56 So.3d at 1069. Each publication or communication of a defamatory statement is a separate cause of action; therefore, multiple publications or communications are independent and cannot be considered to be continuous. Wiggins, 475 So.2d at 781; see also Collinson v. Tarver Land Dev., LLC., 11-1787, 2012 WL 688551 *1 (W.D. La. 02/01/2012).

The defendant pleading prescription typically bears the burden of proving that the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg v. Chevron USA, Inc., 2009-2632 (La. 7/6/10), 45 So.3d 991, 998; W.T.A., 58 So.3d at 617; Farber 56 So.3d at 1069.

According to the Complaint the instant case, even if a basis existed for a cause of action for defamation, the last administrative hearing which would have given rise to this cause of action occurred in October, 2010.  See Record Document 71-2.

At the very latest, the claimed damages from the alleged defamation would have been known to Dr. Haygood and, therefore, by his one-person dental limited liability company, when he learned of the revocation of his dental license in November, 2010 or even after the amended decision after remand in August, 2011. The instant lawsuit was not filed until February 13, 2013; however, Dr. Haygood claims that the filing of the state court proceedings against these defendants in the First Judicial District, Caddo Parish, Louisiana on September 26, 2011, interrupted prescription.

However, Dr. Haygood fails to satisfy the minimum pleading requirements for a defamation suit. Under Louisiana law, Plaintiffs must allege all of the following elements for a defamation: (1) defamatory words; (2) publication or communication to persons other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury." While under Louisiana law a quoted statement is not required, the plaintiff must provide reasonable specificity. See Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La. 3/17/06); 929 So.2d 1211, 1218. In the instant matter, Dr. Haygood's complaint fails to meet the Badeaux requirements. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

**D. Louisiana Unfair Trade Practices Act - LSA-R.S. 51:1401 et seq.**

The next cause of action brought by the Plaintiffs is under the Louisiana Unfair Trade Practices Act. This act grants a private action to: "Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of

the use of employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405." La. R.S. 51:1409. "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. R.S. 51:1405. "'Trade' or 'commerce' means the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state." La. R.S. 51:1402. The Court already discussed conspiracy in the context of Section 1 of the Sherman Act, the Plaintiff's bald allegation of a conspiracy fails to meet the necessary pleading requirements under Federal Rule of Civil Procedure 12. Supra, p. 8. For those same reasons, the Court fails to find that a conspiracy existed in the LUTPA context. Therefore, the Court will analyze the LUTPA claims against these Defendants on an individual basis.

LSA-R.S. 51:1405(A) prohibits any "unfair or deceptive acts or practices in the conduct of any trade or commerce." The Courts have the power to determine, on a case-by-case basis, the type of conduct that falls within that category. Sheramine Services, Inc. v. Shell Deepwater Production Company, Inc., 2009-1633 (La. 04/23/10), 35 So.3d 1053, 1059. The Sheramine decision provides additional guidance. There the Louisiana Supreme Court required that a plaintiff must allege conduct that "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantial[ly] injurious." Id.; Cargill, Inc. v. Degesch America, Inc., 875 F. Supp. 2d 667, 676 (E.D. La. 2012); Jones Energy Co., LLC v. Chesapeake Louisiana, L.P., 873 F.

11

Supp. 2d 779, 789 (W.D. La. 2012).

In the instant matter, Dr. Haygood fails to allege any act by these Defendants which would enable them to achieve an unfair competitive advantage over Plaintiffs (nor can he since none of these Defendants are dentists). Therefore, Defendants' Motion to Dismiss this claim is **GRANTED**.

**CONCLUSION**

Based on the foregoing, the Motion for Summary Judgment filed by these Defendants is **GRANTED**. Court finds that: (1) Plaintiffs claim under 42 U.S.C. § 1983 has prescribed; and (2) Plaintiffs failed to meet the pleading standard required under Twombly and Iqbal regarding the alleged violations of 15 U.S.C. §1 and §2, state defamation laws, and LUTPA. Accordingly, all of Plaintiffs claims against Barry Ogden, Camp Morrison, Dana Glorioso, and Karen Moorhead are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

12
