UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, DDS and<br>HAYGOOD DENTAL CARE, LLC | CIVIL ACTION NO. 13-CV-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Dismiss (Record Document 38) filed by Defendant Brian Begue under Rule 12(b)(6) and Special Motion to Strike under La. C.C.P. art. 971, and in the alternative, Motion for a More Definite Statement under Rule 12(e). See Record Document 38. For the reasons which follow, the Motion to Dismiss under Rule 12(b)(6) is **GRANTED**. The Special Motion to Strike is **MOOT**.

**BACKGROUND**

The allegations in the instant suit relate to formal complaints by patients and other dentists to the Louisiana State Board of Dentistry ("Dental Board") about Dr. Ryan Haygood. The complaints stated that Dr. Haygood recommended extensive and expensive treatment plans after over-diagnosing/unnecessarily diagnosing patients with peridontal disease. A three-year review process ensued, which included an investigation, and ultimately an administrative proceedings wherein Dr. Ryan Haygood's dental license was revoked by the Dental Board.

On November 8, 2010, at the conclusion of four days of adversarial hearings, which included the presentation of witnesses, experts and medical / dental evidence, a three-member disciplinary panel revoked Dr. Haygood's dental license, and levied fines against him. This punishment was imposed due to Dr. Haygood's violations of the Dental Practice

Act. Louisiana Revised Statute Section 37:751 et seq.

Brian Begue, an attorney, served as general counsel for the Dental Board and was appointed to act as independent counsel for the Disciplinary Committee pursuant to La. Admin. Code Title 46, Part. XXXIII, § 923 (D), throughout the hearing process. Record Document 71-2 at ¶ 3, 69-71.

Dr. Haygood appealed the November 8, 2010 decision of the Dental Board to the Civil District Court of Orleans Parish ("CDC") Docket No. 2010-12060. On May 31, 2011, the CDC affirmed some of the findings, but remanded part of the case the to Dental Board due to the erroneous inclusion of charges against Dr. Haygood that were previously dismissed. In all other respects, the CDC affirmed the Dental Board's decision. Dr. Haygood appealed the portion of the May 31, 2011 decision of the CDC which was affirmed to the Louisiana Fourth Circuit Court of Appeal, Docket No. 2011-CA-1327.

On August 29, 2011, the Dental Board issued a decision regarding the remanded portion of the suit. It again levied fines against Dr. Haygood and affirmed the revocation of his dental license in its Amended Decision After Remand. This decision was also appealed by Dr. Haygood to the CDC, which affirmed the ruling on December 9, 2011. The two decisions by the CDC (May 31, 2011 and August 29, 2011) were consolidated on appeal to the Louisiana Fourth Circuit Court of Appeal. The Fourth Circuit vacated and remanded the Dental Board's ruling, finding that the Dental Board's independent counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator in violation of Dr. Haygood's due process rights.

Plaintiffs, Ryan Haygood, DDS and his dental limited liability company (hereafter referred to as Dr. Haygood or Plaintiffs), brought the instant lawsuit against Begue, among

other defendants, on February 13, 2013, alleging damages arising out of violations of 42 U.S.C. 1983, and 15 U.S.C. § 1 and § 2, as well as Louisiana state law claims for defamation and for violations of the Louisiana Unfair Trade Practices Act ("LUTPA")- LSA-R.S. 51:1409 et seq. (Record Document 71-2). The defendant filed a Motion to Dismiss for failure to state a claim and dismissal due to untimeliness in regards to violations of 42 U.S.C. § 1983, antitrust violations, defamation, and violations of the Louisiana Unfair Trade Practices Act.

## LAW AND ANALYSIS

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In evaluating a motion to dismiss, the Court must construe the complaint

liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**B. Legal Analysis**

**Immunity**

Begue asserts that he is entitled to absolutely immunity for all claims related to his role as independent counsel for the Dental Board, particularly those related to his role during the Dental Board's administrative hearing involving Dr. Haygood.

Louisiana Revised Statute 37:370 provides that the Dental Board holds the power to regulate the practice of dentistry within the state. The Dental Board's powers include the authority to investigate illegal practices, conduct disciplinary hearings, impose fines, and revoke licenses. Disciplinary hearings are held pursuant to the Louisiana Administrative Code, Title 46, Part XXXIII, § 923, which expressly provides the Board's Disciplinary Hearing Committee the power to delegate to an independent counsel the right to rule on

evidentiary and procedural issues. Specifically, Section 923(D) provides:

> During and before an adjudication hearing, the chairman shall rule upon all evidentiary objections and other procedural questions, but in his discretion may consult with the entire hearing panel in executive session. At any such time, the hearing panel may be assisted by legal consel, retained by the board for such purpose, who is independent of complaint counsel and who has not participated in the investigation or prosecution of the case. If the board or hearing panel is attended by such counsel, the chairman may delegate to such counsel ruling on evidentiary objections and other procedural issues raised during the hearing.

Absolute prosecutorial immunity has been extended to agency officials in administrative adjudicative proceedings. Butz v. Economou, 438 U.S. 478, 98 S. Ct. 2894 (1978). The Fifth Circuit has further held that absolute immunity is extended to members of administrative boards serving in quasi-prosecutorial and quasi-judicial roles. See Di Ruzzo v. Tabaracci, 480 F.App'x 796,797 (5th Cir. 2012)(absolute immunity extended to counsel and members of the Texas Medical Board who were performing quasi-prosecutorial and quasi-judicial functions); See also Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc., 757 F.2d 676 (5th Cir. 1985)(absolute immunity extended to the association, its disciplinary officers, and its staff members to extent they acted as prosecutors within the outer scope of their duties). Further, absolute immunity applies to those fulfilling these roles, even if the decisions are flawed by the commission of grave procedural error. Id. "Absolute immunity denies a person whose federal rights have been violated by a government official any type of remedy, regardless of conduct." Di Ruzzo at 797 (citing O'Neal v. Miss. Bd. Of Nursing, 113 F.3d 62,65 (5th Cir. 1997)). Further, the party asserting absolute immunity bears the burden of proof to establish it. Id.

Here, the amended complaint claims that Begue was serving as independent

counsel, a quasi-judicial role, pursuant to the authority delegated to him by the Chairman of the Dental Board, as permitted under Louisiana Administrative Code, Title 46, Part XXXIII, § 923(D). Record Document 71-2, ¶ 69-70. The complaint further alleges that while Begue served in this role, he improperly combined his role as an independent counsel with that of a prosecutor. Record Document 71-2, ¶ 74. The Louisiana Fourth Circuit in its decision to reverse and remand the CDC's decision held that "...the Board improperly combined the prosecutorial and judicial functions by allowing its general counsel, Mr. Brian Begue, to serve as the prosecutor, general counsel, panel member, and adjudicator for the proceedings against Dr. Haygood." Id.

Plaintiffs contend that "completely disregarded his statutory limits and knowingly interjected himself into the proceedings far beyond the authority allotted to him under Louisiana law." Record Document 65, p. 15. However, the court gives no credence to this argument. Rather, the Court finds that Begue's actions occurred in direct relation to his quasi-judicial role as counsel for the Dental Board. While Begue's decision to cross-examine Dr. Haygood and other witnesses during the administrative hearing may have been deemed improper, his conduct nonetheless falls within the limits of his role as a quasi-judicial official. Therefore, Begue is entitled to absolute immunity under the precedent established by Butz, Di Ruzzo and Austin Municipal Securities, Inc., supra.

## CONCLUSION

For the reasons provided above, absolute immunity applies to defendant Brian Begue who served as counsel to the Dental Board throughout the administrative hearing and process involving Dr. Haygood. Therefore, Begue is entitled to dismissal of the all claims filed by the Plaintiffs against him. Accordingly, the Motion to Dismiss (Record

Document 38) is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Chambers in Shreveport, Louisiana, on this 31st day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE