UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, DDS, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss (Record Document 123) filed by Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC. Plaintiffs Ryan Haygood, DDS and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion. See Record Document 135. For the reasons set forth below, the Motion to Dismiss is **GRANTED** as to the Section 1983 claims, the Sherman Act claims, and the Louisiana state law defamation claim.

## BACKGROUND

The allegations in the instant suit relate to formal complaints by patients and other dentists which eventually led to an investigation and administrative proceeding wherein Dr. Haygood's dental license was revoked by the Louisiana State Board of Dentistry ("Dental Board"). The Dental Board initially became involved because of a complaint against Dr. Haygood, claiming that he recommended extensive and expensive treatment plans after over-diagnosing/unnecessarily diagnosing patients with peridontal disease. The investigation and resulting administrative proceeding took place over a three year period.

On November 8, 2010, at the conclusion of four days of adversarial hearings, which

included the presentation of witnesses, experts and medical/dental evidence, a three-member disciplinary panel revoked Dr. Haygood's dental license and levied fines against him. This punishment was imposed due to Dr. Haygood's violations of the Dental Practice Act. See La. R.S. 37:751 *et seq.*

Dr. Haygood appealed the November 8, 2010 decision of the Dental Board to the Civil District Court of Orleans Parish ("CDC") Docket No. 2010-12060. On May 31, 2011, the CDC affirmed some of the findings, but remanded part of the case to the Dental Board due to the erroneous inclusion of charges against Dr. Haygood that were previously dismissed. In all other respects, the CDC affirmed the Dental Board's decision. Dr. Haygood appealed the portion of the May 31, 2011 decision of the CDC which was affirmed to the Louisiana Fourth Circuit Court of Appeal, Docket No. 2011-CA-1327.

On August 29, 2011, the Dental Board issued a decision regarding the remanded portion of the suit. It again levied fines against Dr. Haygood and affirmed the revocation of his dental license in its Amended Decision After Remand. This decision was also appealed by Dr. Haygood to the CDC, which affirmed the ruling on December 9, 2011. The two decisions by the CDC (May 31, 2011 and August 29, 2011) were consolidated on appeal to the Louisiana Fourth Circuit Court of Appeal. The Fourth Circuit vacated and remanded the Dental Board's ruling, finding that the Dental Board's independent counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator in violation of Dr. Haygood's due process rights.

The Haygood Plaintiffs brought the instant lawsuit against Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC, among other defendants, on February 13, 2013, alleging

damages arising from constitutional violations (42 U.S.C. § 1983) and 15 U.S.C. § 1 and § 2 (The Sherman Act), as well as Louisiana state law claims for defamation and for violations of the Louisiana Unfair Trade Practices Act (La. R.S. 51:1409 *et seq.*). See Record Document 1. On March 7, 2014, the Haygood Plaintiffs filed a First Supplemental, Amended and Restated Complaint, adding requests for declaratory and injunctive relief. See Record Document 100. The new grounds for relief were not directed toward Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC.

As to the instant Defendants, the Haygood Plaintiffs allege that Dr. Dies was a direct, primary competitor of Dr. Haygood in the Shreveport/Bossier community. See id. at ¶ 89. In June 2007, the Dental Board designated Dr. Dies as their "expert" and forwarded medical records to him "ostensibly for a neutral and independent evaluation of complaints." Id. at ¶ 92. The Haygood Plaintiffs contend that Dr. Dies knew that his evaluations would be used as evidence against Dr. Haygood and that such evaluation were "studded with inaccuracies, falsehoods, exaggerations and improper assumptions." Id. The evaluations were used during the 2010 administrative proceedings before the Dental Board. Id.

On March 31, 2014, this Court denied a Rule 12(b)(6) Motion to Dismiss filed by Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC (hereinafter collectively referred to as Defendants). See Record Documents 106 & 107. The motion was denied with prejudice as to the Louisiana Unfair Trade Practices Act claim(s) and denied without prejudice as to all other claims against the instant Defendants. See Record Document 106 at 3.

On April 22, 2014, Defendants filed the instant Motion to Dismiss, arguing that the Haygood The Haygood Plaintiffs brought the instant lawsuit against Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC, among other defendants, on February 13, 2013, alleging damages arising from constitutional violations (42 U.S.C. § 1983) and 15 U.S.C. § 1 and § 2 (The Sherman Act), as well as Louisiana state law claims for defamation and for violations of the Louisiana Unfair Trade Practices Act (La. R.S. 51:1409 *et seq.*).  See Record Document 1.  On March 7, 2014, the Haygood Plaintiffs filed a First Supplemental, Amended and Restated Complaint, adding requests for declaratory and injunctive relief. See Record Document 100.  The new grounds for relief were not directed toward Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC.

As to the instant Defendants, the Haygood Plaintiffs allege that Dr. Dies was a direct, primary competitor of Dr. Haygood in the Shreveport/Bossier community.  See id. at ¶ 89. In June 2007, the Dental Board designated Dr. Dies as their "expert" and forwarded medical records to him "ostensibly for a neutral and independent evaluation of complaints." Id. at ¶ 92.  The Haygood Plaintiffs contend that Dr. Dies knew that his evaluations would be used as evidence against Dr. Haygood and that such evaluation were "studded with inaccuracies, falsehoods, exaggerations and improper assumptions." Id.  The evaluations were used during the 2010 administrative proceedings before the Dental Board.  Id.

On March 31, 2014, this Court denied a Rule 12(b)(6) Motion to Dismiss filed by Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC (hereinafter collectively referred to

4

as Defendants). See Record Documents 106 & 107. The motion was denied with prejudice as to the Louisiana Unfair Trade Practices Act claim(s) and denied without prejudice as to all other claims against the instant Defendants. See Record Document 106 at 3.

On April 22, 2014, Defendants filed the instant Motion to Dismiss, arguing that the Haygood Plaintiffs' claims under Section 1983 are prescribed or fail under Rule 12(b)(6); the Haygood Plaintiffs fail to state a claim for antitrust violations under 15 U.S.C. §§ 1 & 2; and the Haygood Plaintiffs fail to state a defamation claim under Louisiana law. See Record Document 123. Additionally, Defendants argue that Dr. Dies has absolute immunity for all claims related to his alleged role as expert for the Dental Board during the administrative proceedings against Dr. Haygood. See id.

## LAW AND ANALYSIS

**A.      Legal Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.

1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**B.      Section 1983 Claims.**

The Haygood Plaintiffs allege a violation of Title 42, United States Code, Section 1983. To state a claim under this statute, the Haygood Plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under the color of state law. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999). "[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id.

The Haygood Plaintiffs argue that Defendants, acting individually and in conspiracy with one another, acting under color of state law, deprived and denied them of their constitutional and/or statutory rights. See Record Document 100 at ¶ 167. More specifically, the Haygood Plaintiffs allege:

> [T]hat by virtue of Defendants' participation in highly irregular and unlawful actions in connection with the investigation, prosecution and adjudication of decisions by the [Dental Board] . . ., [D]efendants knowingly and intentionally, or with reckless disregard for the truth, deprived Dr. Haygood of his right to a fair and impartial hearing; presented knowingly false or exaggerated claims; provided evidence obtained through unlawful means; and took other actions which deprived Dr. Haygood of the right and privilege to conduct his livelihood as a licensed dentist in the State of Louisiana.
>
> [T]hat Defendants' institution of prosecution of Plaintiffs was motivated by (i) actual and implied malice; (ii) improper competitive considerations and; (iii) of financial considerations to permit the Board to make recoveries of fines.
>
> [T]hat Defendants, acting with and obtaining significant aid from their co-conspirators on the [Dental Board], knowingly engaged in conduct which deprived Dr. Haygood of due process under Amendment XIV of the United States Constitution. . . .
>
> [T]hat [D]efendants, acting with and obtaining significant aid from their co-conspirators on the [Dental Board], knowingly and in bad faith, instituted sham proceedings against Plaintiffs, without probable cause, with the intent to deprive Dr. Haygood of his dental license.

Id. at ¶¶ 168-171.

This Court will first address the timeliness of the Section 1983 claims. Claims brought under Title 42, United States Code, Section 1983 of the United States Code are subject to state statutes of limitation for personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-251, 109 S.Ct. 594, 581-582 (1989). In Louisiana, there is a one year prescriptive period for Section 1983 claims, as established by Louisiana Civil Code Article 3492. See Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995); Smith v. Humphrey, No.

7

10-1070, 2012 WL 1970883 *2 (W.D. La. 04/09/12); adopted by 2012 WL 1969317. In the case of an alleged conspiracy, the prescriptive period begins to toll from the moment that the plaintiff knew or should have known of the overt acts involved in the conspiracy. See Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987); Smith, 2012 WL 1970883 at *3. Therefore, the claims asserted under Section 1983 in the instant case are subject to a one year prescriptive period.

Dr. Haygood filed a state court claim against the instant Defendants on September 27, 2011. See Record Document 24-1 at 24. However, no claim for a violation of Section 1983 against these Defendants occurred until the filing of the complaint in the instant matter on February 13, 2013. Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the Haygood Plaintiffs clearly knew, or should have known, of the overt acts which might constitute a Section 1983 violation at least two years before the instant suit was filed. The Court is also unconvinced that any of the allegations in the state court petition were sufficient to interrupt prescription. See Ford v. Stone, 599 F.Supp. 693 (M.D. La. 1984). Therefore, this Court finds that the alleged wrongdoing under Section 1983 by the instant Defendants has prescribed under Louisiana law.

The Court finds Defendants' argument citing Brossette v. City of Baton Rouge, 837 F.Supp. 759, 762 (E.D. La. 1993) compelling. In Brossette, a bar owner's liquor license was suspended by the Alcoholic Beverage Control Board for violations of a Baton Rouge ordinance. The suspension was appealed through the Louisiana courts, and theLouisiana Supreme Court ultimately reversed the decision and remanded the case for the district court for a new trial. See id. at 761. Following the Louisiana Supreme Court decision,

8

Brossette filed a Section 1983 claim in federal court. The federal court determined that the plaintiff's cause of action arose from a "single act" against Brossette, the suspension of this license. Therefore, the prescriptive period began to toll from the day he received notice that his license was suspended. See id. at 763. Accordingly, the claim was already prescribed on the day he filed the federal proceedings, more than a year after Brossette received notice of the suspension. See id. at 762.

The rationale applied in Brossette is directly on point in the instant matter. Dr. Haygood received notice of the revocation of his license on or about November 8, 2010. This single act of the Dental Board revoking his license provides the date from which the one-year prescriptive period began to toll. Therefore, the § 1983 claim was prescribed when suit was filed on February 13, 2013.[1]

The Court additionally notes that even if this action was not prescribed, the Rule 12(b)(6) Motion filed by Defendants nonetheless would be granted because the bald conclusory allegations that these Defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Twombly, 550 U.S. 544, 127 S.Ct. 1955; Iqbal, 556 U.S. 662, 129 S.Ct. 1937.

**C.     The Sherman Act Claims.**

The Sherman Act, 15 U.S.C. §§ 1 and 2, provides the framework to forbid

---

[1]As noted by Defendants in their Reply, this Court has previously addressed this same prescription issue and held that the Haygood Plaintiffs' Section 1983 claims are prescribed. See Record Document 110 at 4-6. Thus, the Section 1983 claims against the instant Defendants shall be dismissed "under the law of the case." See Omar v. Casterline, 414 F.Supp.2d 582, 594 (W.D. La. 2006), citing Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir.1983) (noting rationale for "law of the case doctrine . . . is the same as that for *stare decisis*: a court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice").

9

monopolies within the United States. Section 1 prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." Full Draw Prods. v. Easton Sports, Inc., 182 F.3d 745, 750 (10th Cir. 1999), citing 15 U.S.C. § 1. Section 2 prohibits "monopoliz[ing], or attempt[ing] to monopolize, or combin[ing] or conspir[ing] with any other person or persons, to monopolize any part of the trade or commerce among the several States." Id., citing 15 U.S.C. § 2. Pursuant to the Sherman Act, the Haygood Plaintiffs allege that there was a conspiracy to exclude them from the practice of dentistry in the Shreveport-Bossier metropolitan area (the relevant geographical market) by means of improper conduct, namely through adverse and unfair peer review proceedings. See Record Document 100 at ¶¶ 164-165. The Haygood Plaintiffs argue that such "misconduct" affected patient choice and interfered with competition in the marketplace. Id. at ¶ 165.

Section 1

To establish a violation under Section 1, the plaintiff must prove: (1) the defendants engaged in a conspiracy, (2) that restrained trade (3) in the relevant market. See Gold Bridge Technology, Inc. v. Motorola, Inc., 547 F.3d 266, 271 (5th Cir. 2008), *cert denied* 556 U.S. 1216 (2009); Apani Sw. Inc. v. Coca-Cola Enter., Inc., 300 F.3d 620, 627 (5th Cir. 2002); Johnson v. Hosp. Corp. of Am., 95 F.3d 383, 392 (5th Cir. 1996). Simply put, Section 1 requires concerted action that restrains trade. See Am. Needle, Inc. v. Nat'l Football League, 560 U.S. 183, 190, 130 S.Ct. 2201, 2208 (2010). As to the first element, i.e., a conspiracy, "the complaint must contain enough factual matter to suggest that an agreement among the alleged conspirators was actually made." Dowdy & Dowdy P'ship v. Arbitron, Inc., No. 2:09CV253, 2010 WL 3942755, *3 (S.D. Miss. 2010)(citing Twombly, 550

U.S. at 556, 127 S.Ct. at 1965). The Dowdy court reasoned:

> A "bare allegation of conspiracy" and "a conclusory allegation of agreement at some unidentified point" are insufficient to plead illegal antitrust activity. Not only does the naked allegation of a conspiracy, without additional facts, not state a plausible antitrust claim, such conclusory allegations are not entitled to be accepted as true for the purposes of this motion.

Id. (internal citations omitted). To support his contention that Defendants engaged in a conspiracy, Dr. Haygood cites a pre-Twombly holding by the Fifth Circuit, wherein the court stated, "although plaintiffs may be unable to allege specific facts proving actual of agreement or conspiracy, the pleadings are sufficient if they set forth facts which an inference of unlawful agreement can be drawn." Brett v. First Federal Sav. & Loan Ass'n, 461 F.2d 1155, 1158 (5th Cir., 1972). However, Twombly changed federal pleading practice. The Twombly decision, which provides the current pleading rules, was also cited by Dr. Haygood. The Supreme Court in that decision stated:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.

Here, the Haygood Plaintiffs have at best alleged circumstantial evidence that some defendants simply conversed with other defendants. They never provide factual support that those conversations were for the intent and purpose of reaching an agreement to unreasonably restrain trade of dental services among the several States. While circumstantial evidence can be sufficient to survive Rule 12(b)(6) scrutiny, it must tend to prove that Defendants and others "had a conscious commitment to a common scheme designed to achieve an unlawful objective." Monsanto Co. v. Spray-Rite Service Corp., 465

11

U.S. 752, 764, 104 S.Ct. 1464, 1471 (1984).  Such is simply not the case in the instant matter.  The Haygood Plaintiffs have not plead enough facts to suggest a prior agreement between the Defendants.  The First Supplemental, Amended and Restated Complaint is silent as to (1) when, where, or how a conspiracy was formed; (2) that the instant Defendants, in fact, agreed to restrain the trade of dental services; (3) that the instant Defendants communicated with anyone regarding the restraint of trade, or (4) that the instant Defendants shared a common intent to restrain trade.  The Haygood Plaintiffs' factual allegations as to Section 1 of the Sherman Act are simply bare allegations and fail to meet the necessary pleading requirements to survive a Rule 12(b)(6) challenge.  Accordingly, the Rule 12(b)(6) motion is **GRANTED** as to the Section 1 claim.

Section 2

In contrast to Section 1, Section 2 of the Sherman Act "covers both concerted and independent action, but only if that action monopolizes or threatens actual monopolization, a category that is narrower than restraint of trade."  Am. Needle, Inc. v. Nat'l Football League, 560 U.S. 183, 190, 130 S.Ct. 2201, 2208 (2010) (internal citations and quotations omitted).  The Haygood Plaintiffs have not asserted an actual monopoly; thus, their cause of action lies in an "attempt to monopolize."  See Record Document 100 at ¶¶ 93-95; Full Draw Prods., 182 F.3d 745.

"To state a claim for attempted monopolization under Section 2 of the Sherman Act, the plaintiff must plead:  (1) relevant market (including geographic market and relevant product market); (2) dangerous probability of success in monopolizing the relevant market; (3) specific intent to monopolize; and (4) conduct in furtherance of such an attempt."  Full

12

Draw Prods., 182 F.3d at 756. Here, the Court finds that the Haygood Plaintiffs have failed to sufficiently plead how the instant Defendants, namely Dr. Dies, were capable of monopolizing the dental services market or how the instant Defendants conspired with someone capable of monopolizing the dental services market. There are no plausible factual allegations that the instant Defendants took any action aimed at achieving a "dangerous practice of monopolization" in the area of dentistry. See generally Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 455-457, 459, 13 S.Ct. 884, 890-891, 892 (1993) ("We hold that petitioners may not be liable for attempted monopolization under § 2 of the Sherman Act absent proof of a dangerous probability that they would monopolize a particular market and specific intent to monopolize."). Accordingly, the Rule 12(b)(6) motion is **GRANTED** as to the Section 2 claim.

**D. Defamation.**

The Haygood Plaintiffs also assert a claim for defamation under Louisiana state law, alleging:

> Dr. Haygood and Haygood Dental Care, LLC allege that the Defendants violated Louisiana state law by acting in concert to proliferate malicious and non-privileged communications, both for initial publication and foreseeable republication, which communications were designed to cause harm to Haygood in the dental profession and among his friends, colleagues and patients, actual and potential.

Record Document 100 at ¶ 174. The Haygood Plaintiffs further allege that "Dr. Dies had developed a strong personal dislike and profound animosity toward Dr. Haygood, expressing that opinion to others both in and out of the dental profession." Id. at ¶ 90. They also contend that Dr. Dies freely spoke of his "hate" for Dr. Haygood to dental hygienist Wendy Greene. Id. at ¶ 98.

13

"To state a cause of action for defamation, the plaintiff must allege all of the following elements: (1) defamatory words; (2) publication or communication to persons other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury." <u>Lentini v. NW. Louisiana Legal Servs., Inc.</u>, 36,620 (La. App. 2 Cir. 3/5/03), 841 So. 2d 1017, 1020, *writ denied*, 2003-0996 (La. 5/30/03), 845 So. 2d 1052. "Words that expressly or implicitly accuse another of criminal conduct or that, by their nature, tend to injure one's personal or professional reputation are considered defamatory *per se*. If the plaintiff proves publication of defamatory *per se* words, the elements of falsity, injury and malice are presumed, although they may be rebutted by the defendant." <u>Sommer v. State, Dep't of Transp. & Dev.</u>, 97-1929 (La. App. 4 Cir. 3/29/00), 758 So. 2d 923, 939 (La. Ct. App.), *writ denied sub nom.*, <u>Sommer v. State, DOTD</u>, 2000-1759 (La. 10/27/00), 772 So. 2d 122. "An expression of opinion on a matter of public concern, which does not contain a provably false factual connotation, cannot support a defamation action." <u>Moore v. Cabaniss</u>, 29,834 (La. App. 2 Cir. 9/24/97), 699 So. 2d 1143, 1146, *writ denied*, 97-2667 (La. 1/9/98), 705 So. 2d 1108, *citing* <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1, 110 S.Ct. 2695(1990); <u>Romero v. Thomson Newspapers</u>, 94-1105 (La.1/17/95), 648 So.2d 866, *cert. denied*, 515 U.S. 1131, 115 S.Ct. 2556 (1995). Moreover, under Louisiana law, "a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." <u>Badeaux v. Sw. Computer Bureau, Inc.</u>, 2005-0612 (La. 3/17/06), 929 So. 2d 1211, 1219. While "it is not necessary for a plaintiff to state verbatim the words on which he bases his cause of action, but he must allege a state of facts or condition of things which would show fault under article 2315." <u>Id.</u>

The Court finds that the factual allegations in the Haygood Plaintiffs' First Supplemental, Amended and Restated Complaint fail to meet the pleading requirements under both federal law and Badeaux. There are no allegations or statements of fact as to what the defamatory words were and/or how the unknown statements were false. The basis of the defamation claim appears to be Dr. Dies' opinion and/or medical evaluations "studded with inaccuracies, falsehoods, exaggerations and improper assumptions." Record Document 100 at ¶¶ 90, 92. These factual allegations are, again, bald accusations and, at best, demonstrate a medical difference of opinion concerning treatment plans, not defamatory words *per se*. Accordingly, the Rule 12(b)(6) motion is **GRANTED** as to the defamation claim.

**E.    Immunity.**

Defendants have moved for dismissal of all claims against Dr. Dies because he has absolute immunity for the Haygood Plaintiffs' claims related to his alleged role as an expert for the Dental Board during the administrative proceedings. See Record Document 123-1 at 26-29. The immunity is based on Section 791 of the Dental Practices Act, which provides:

> A.    There shall be no liability on the part of and no action for damages against:
>
> (1)    Any member of the board, or its agents or employees, or any member of an examining committee of dentists appointed or designated by the board, for any action undertaken or performed by such person within the scope of the duties, powers, and functions of the board or such examining committee as provided for in this Chapter when such person is acting without malice and in the reasonable belief that the action taken by him is warranted; or
>
> (2)    Any person providing information to the board, its agents or

> employees, or to an examining committee of dentists appointed or designated by the board, whether a witness, participating in an impaired dentist or dental hygienist intervention (the act of interceding in behalf of an individual who is abusing, or is dependent on, one or more psychoactive drugs, with the aim of overcoming denial, interrupting drug-taking behavior, or inducing the individual to seek and initiate treatment), or otherwise. Such a person shall not be held liable in damages under any law of the state of Louisiana or any political subdivision thereof, by reason of having provided such information, unless such information is false and the person providing it knew that such information was false.

La. R.S. 37:791(A).

The Haygood Plaintiffs argued in their opposition that Section 791 proffered qualified, not absolute, immunity; that Section 791(A)(1) was inapplicable because they have alleged malice; and that Section 791(A)(2) was inapplicable because Dr. Dies knew the evaluations contained falsehoods. See Record Document 135 at 27-32. Defendants did not respond to the Haygood Plaintiffs' position regarding Section 791 immunity in their reply. See Record Document 140.

In light of the instant ruling, the Haygood Plaintiffs' Louisiana Unfair Trade Practices ("LUTPA") claims against the instant Defendants are the only remaining claims. See Record Document 106 at 3. The instant motion did not move for dismissal of the LUTPA claims and, more specifically, did not address Section 791 immunity in the context of LUTPA. Thus, this Court will not reach the issue of whether the instant Defendants enjoy Section 791 immunity as to the LUTPA claims. The Court fully expects such issue to be the subject of future motion practice.

## CONCLUSION

Based on the foregoing analysis, the Court finds that the Haygood Plaintiffs' Section

1983 claims are prescribed; the Haygood Plaintiffs failed to plead facts sufficient to support a claim under Sections 1 or 2 of the Sherman Act; and the Haygood Plaintiffs failed to plead facts sufficient to support a defamation claim under Louisiana law. The Motion to Dismiss (Record Document 123) filed by Defendants is, therefore, **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE