**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

RYAN HAYGOOD, DDS, ET AL.                    CIVIL ACTION NO. 13-0335

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET AL.                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss or Alternatively to Stay (Record Document

175) filed by Defendants, Dean Manning, Aubrey Baudean, Jr., Patricia Cassidy, Wilton

Guillory, Jr., Russell Mayer, David L. Melancon, and Lynn Phillippe ("Defendants").

Defendants move this Court to dismiss or alternatively stay this case pursuant to the

Younger Abstention Doctrine under Rule 12(b)(1).  See id.  Defendants further seek

dismissal of any claims by Haygood Dental Care, LLC pursuant to Rule 12(b)(6).  See id.

Plaintiffs Ryan Haygood, DDS and Haygood Dental Care, LLC (hereinafter referred to as

"Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion.  See Record Document

179.  For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

The facts of this case have been set forth in numerous memorandum rulings

entered by this Court.  See Record Documents 106, 108, 110, 112, 182 and 184.  The

instant Defendants were added on March 7, 2014, when the Haygood Plaintiffs filed a First

Supplemental, Amended and Restated Complaint.  See Record Document 100.  These

Defendants were named in their official capacities and were made defendants "solely for

purposes of declarative relief."  Id. at ¶¶ 14-17, 20, 22, 24.  While the "official capacity" is

not identified in the First Supplemental, Amended and Restated Complaint, Defendants

state in their opposition that it is "presumably" Defendants' position as members of the

Louisiana State Board of Dentistry ("the Board").  Record Document 175 at 1.  Count Five

of the First Supplemental, Amended and Restated Complaint provides:

> Plaintiffs seek declarations under 28 U.S.C. § 2201-2202 that the Board cannot provide Dr. Haygood a fair and impartial hearing that comports with the due process requirements of the United States Constitution.
>
> . . .
>
> All of the current Board members are biased against Plaintiff due to their receipt of information regarding the prior proceedings and/or the lawsuits Dr. Haygood has initiated in which the Board and its agents and employees are named as conspirators acting in concert to deny him due process and to otherwise damage him.
>
> The current Board members are incapable of impartiality as a result of their prior exposure to information pertaining to the case.  They have undoubtedly prejudged the facts to such an extent that their minds are "irrevocably closed" before actual adjudication.
>
> Cronyism and financial biases are fundamentally inconsistent with impartiality and neutrality.
>
> A tribunal that has a pecuniary interest in the outcome of the proceedings before it, real or perceived, cannot provide a fair and impartial hearing.
>
> . . .
>
> The Board has a pecuniary interest in the outcome of its proceedings against Plaintiffs.
>
> The Board is incapable of bringing charges against dentists without the appearance of unfairness or partiality due to its precarious financial condition, its reliance on fines and penalties to sustain its operations, and its failure to insulate the judicial officers from this financial need[.]
>
> Dr. Haygood cannot receive a fair and impartial hearing before the Board. Due to the bias of its current members and its pecuniary interest in the outcome, the Board is unable to adjudicate his case in keeping with the requirements of due process.

The Board's decision to proceed burdened with all the foregoing indicia of unfairness and partiality reflects its inability to provide the defendant with due process.

If the proceedings of the Board against Plaintiffs move forward as planned, there is a dangerous probability that Plaintiffs will be denied due process, and thus will suffer irreparable damage.

The Board's bias and its intent to pursue charges based on evidence obtained through illegal means pose a great and imminent threat that Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

Judicial review of Board's decision does not serve as a sufficient avenue for Plaintiffs to pursue their constitutional claims.  Hearings before a partial tribunal are not constitutionally acceptable simply because the disadvantaged party has the opportunity to appeal.

If the Board continues with the prosecution of Dr. Haygood, he has no adequate remedy at law, and he will sustain irreparable injury.

Record Document 100 at ¶¶ 178-197.

Defendants filed the instant Motion to Dismiss, asking the Court to decline jurisdiction under Rule 12(b)(1) based on Younger abstention, or alternatively stay the claims asserted by the Haygood Plaintiffs against the instant Defendants pending a final resolution of the state proceedings.  See Record Document 175 at 2.  Pursuant to Rule 12(b)(6), Defendants also seek dismissal of all claims asserted by Haygood Dental Care, LLC.  See id.  They argue that such entity is not a party to the disciplinary proceedings before the Board; thus, Haygood Dental Care, LLC can state no cognizable claim or cause of action against the instant Defendants, as they have been sued solely for declaratory judgment relating to their service as members of the Board.  See id.

3

**LAW AND ANALYSIS**

**A.     Legal Standards.**

**1.     Rule 12(b)(1) and <u>Younger</u> Abstention.**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  <u>See</u> F.R.C.P. 12(b)(1).  Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  <u>See</u> <u>Barrera-Montenegro v. U.S.</u>, 74 F.3d 657, 659 (5th Cir.1996).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  <u>See</u> <u>McDaniel v. U.S.</u>, 899 F.Supp. 305, 307 (E.D.Tex.1995).  Thus, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.  <u>See</u> <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir.1980).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  <u>See</u> <u>Hitt v. City of Pasadena</u>, 561 F.2d 606, 608 (5th Cir.1977) (*per curiam*).  In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.  <u>See</u> <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir.1981).

Though the Fifth Circuit does not appear to have examined the point, district courts seem to apply Rule 12(b)(1) to motions seeking dismissal pursuant to the <u>Younger</u> abstention doctrine.  <u>See</u> <u>M.D. v. Perry</u>, 799 F.Supp.2d 712, 715 n. 3 (S.D.Tex. 2011) (recognizing issue and observing, "<u>Younger</u> abstention is 'often raised through a Rule

4

12(b)(1) motion.'" (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1350 at 96–100)).  Younger abstention applies when three criteria are met: "(1) the dispute should involve an ongoing state judicial proceeding; (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an adequate opportunity in the state proceedings to raise constitutional challenges." Wightman v. Tex. Supreme Court, 84 F.3d 188, 189 (5th Cir.1996).

**2.      Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

5

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**B.    Analysis.**

   **1.    Younger Abstention.**

Defendants argue that the Younger abstention doctrine bars this action, as intervention by this Court in ongoing state proceedings would entangle the federal court in matters of state interest where the state provides an avenue for the vindication of Dr. Haygood's rights. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Again, Younger abstention applies when three criteria are met: "(1) the dispute should involve an ongoing state judicial proceeding; (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an adequate opportunity in the state proceedings to raise constitutional challenges." Wightman, 84 F.3d at 189.

<u>Adequate Opportunity in the State Proceedings to Raise Constitutional Challenges</u>

The Haygood Plaintiffs argue that "the circumstances under which abstention is warranted are not present" and "the bad faith exception to <u>Younger</u> is applicable to this case."  Record Document 179 at 12.  The Haygood Plaintiffs concede the existence of ongoing state proceedings and agree that the State of Louisiana "arguably" has an interest in the subject matter of those proceedings.  <u>Id.</u> at 13.  Yet, they argue that Dr. Haygood lacks any adequate opportunity in the course of the Board's proceedings to raise the issues asserted in the instant matter:

> [Dr. Haygood] has already exhausted the appeals process established under Louisiana law, and now finds himself back before the same tribunal that has already violated his rights to due process once.

<u>Id.</u>  The Haygood Plaintiffs contend that the Board cannot provide Dr. Haygood with a "prompt" disposition of the claims asserted against him.  <u>Id.</u>  The Haygood Plaintiffs also argue that neither Board proceedings nor administrative proceedings allow a mechanism for Dr. Haygood to challenge the ability of the Board to conduct fair and unbiased proceedings.  <u>See id.</u> at 15.  It appears that via his federal declaratory judgment action, Dr. Haygood seeks a process by which he could recuse members of the Board from participating in the disciplinary proceedings against him.  The Haygood Plaintiffs further argue that the bad faith exception to the <u>Younger</u> abstention doctrine applies because the Board's decision to initiate renewed proceedings against Dr. Haygood was made in bad faith.  <u>See id.</u> at 17.  <u>See</u> <u>Hefner v. Alexander</u>, 779 F.2d 277, 279 (5th Cir. 1985) ("federal court should not interfere with state . . . proceedings unless the proceedings were brought in bad faith, for purposes of harassment, or under other extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Defendants argue in their motion that Dr. Haygood can raise his constitutional challenges in the state court system.  This Court agrees.  The Louisiana Administrative Procedure Act, La. R.S. 49:955 *et seq.*, and the Louisiana Dental Practice Act, La. R.S. 37:751 *et seq.*, regulate disciplinary actions against Louisiana licensed dentists.  The Board is empowered under Louisiana law to investigate complaints of illegal practice and to conduct proceedings for revocation or restriction of dental licenses for those found in violation.  See La. R.S. 37:760(A)(7) & La. R.S. 37:776 and 778.  This process begins with the filing of an administrative complaint or charge, and the appointment of a committee of three or more members of the Board to hear the administrative complaint or charge.  See La. R.S. 37:779.  Judicial review of this decision is available in the state courts under both the Louisiana Administrative Procedure Act and the Louisiana Dental Practice Act.  See La. R.S. 49:964A(1) & La. R.S. 37:786(A)(1).  Judicial review of the panel adjudication is made by appeal to the Orleans Civil District Court.  See La. R.S. 37:786(A); La. R.S. 49:964A(1).  The district court may affirm the decision or remand or may reverse or modify on several grounds, including violations of constitutional or statutory violations.  See La. R.S. 37:786(I) & La. R.S. 49:964(G).  A preliminary, procedural or intermediate ruling by the Board is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict actual injury.  See La. R.S. 37:786A(1) & La. R.S. 49:964A(1).  Any party aggrieved by the district court's action on appeal may obtain review thereof by appeal to the appropriate circuit court of appeal.  See La. R.S. 49:965.

Under the aforementioned process, the hearing officer's decision on a motion to recuse is redressable.  Specifically, Section 964A(1) and Section 786(A)(1) authorize review of constitutional violations.  Louisiana law first affords the Haygood Plaintiffs a full

8

and fair opportunity to vindicate any legal, constitutional and due process claims in the administrative process.  If unsuccessful in the administrative process, then additional redress is available in the state court system on appeal.

Bad Faith Exception

The Haygood Plaintiffs point to the factual allegations in Paragraphs 159, 160, and 163 to support their argument in support of the bad faith exception to the <u>Younger</u> abstention doctrine:

> Plaintiffs believe that the decision to proceed with reinstitution of the former charges and the addition of new charges is based on the Board's desire to retaliate against Plaintiffs and to gain an advantage in the pending civil lawsuits.  The Board also seeks adverse findings against Haygood in an ill-conceived effort to mitigate damages for the denial of due process Dr. Haygood sustained in the prior proceedings.

> As set forth in more detail in Plaintiffs' original Complaint, the Board is entirely self-funded, and thus has a pecuniary interest in reaching a finding adverse to Dr. Haygood and in levying financial penalties.

> Plaintiffs believe that the named Defendants and their co-conspirators are currently working to initiate a second sham peer review proceeding based on improper charges, supported by unlawfully gathered evidence, and presided over by an improper hearing panel. Accordingly, the conspiracy to damage Plaintiffs is currently continuing, and Plaintiffs' due process rights granted by the Constitutions of the State of Louisiana and the United States continue to be violated.

Record Document 100 at ¶¶ 159-160, 163.  The Haygood Plaintiffs argue that "clearly" the Board's renewed attempts to deprive Dr. Haygood of his license to practice dentistry are motivated by bad faith."  Record Document 179 at 19.

The Haygood Plaintiffs' bad faith exception argument likewise fails.  At the outset, the Court notes that "<u>Younger</u> and its progeny make it obvious that the bad faith exception is narrow and should be granted parsimoniously."  <u>Hefner</u>, 779 F.2d at 280.  In the context

of <u>Younger</u> abstention, "a state court proceeds in bad faith when it has no hope of obtaining a valid conviction."  <u>Gibson v. Orleans Par. Sheriff</u>, 971 F. Supp. 2d 625, 631 (E.D. La. 2013), citing <u>Perez v. Ledesma</u>, 401 U.S. 82, 85, 91 S.Ct. 674, 677 (1971).  The claims of bad faith in this case rest upon conclusory allegations in the  First Supplemental, Amended and Restated Complaint and unsupported statements/arguments in the opposition memorandum.  Additionally, the Haygood Plaintiffs do not allege that the hearing instituted by the Board was undertaken in bad faith without the hope of obtaining a conviction on the charges, an allegation that is essential to the bad faith exception to the application of <u>Younger</u> abstention.  Accordingly, this Court finds that the <u>Younger</u> abstention doctrine applies to the Haygood Plaintiffs' claims against the instant Defendants.  The Rule 12(b)(1) motion is, therefore, **GRANTED**.

### 2.    Failure to State a Claim by Haygood Dental Care, LLC.

The instant Defendants are sued in their official capacities as Board members solely for declaratory judgment relating to the administrative proceedings before the Board.  The proceedings before the Board were brought against Dr. Haygood.  Haygood Dental Care, LLC is not a party to the disciplinary proceeding; thus, Haygood Dental Care, LLC has no cognizable claim or cause of action for declaratory judgment against the instant Defendants.  The Rule 12(b)(6) motion is **GRANTED** and any and all claims by and on behalf of Haygood Dental Care, LLC against the instant Defendants are **DISMISSED**.[1]

---

[1]The Court notes that the Haygood Plaintiffs filed no opposition to the request for dismissal of any and all claims by and on behalf of Haygood Dental Care, LLC against the instant Defendants pursuant to Rule 12(b)(6).  <u>See</u> Record Document 179.

10

## CONCLUSION

Based on the foregoing analysis, the Court finds that the <u>Younger</u> abstention doctrine requires this Court to decline to exercise jurisdiction over the claims asserted against Defendants, Dean Manning, Aubrey Baudean, Jr., Patricia Cassidy, Wilton Guillory, Jr., Russell Mayer, David L. Melancon, and Lynn Phillippe.   Moreover, Haygood Dental Care, LLC has no cognizable claim or cause of action for declaratory judgment against the instant Defendants and any and all claims by and on behalf of Haygood Dental Care, LLC against the instant Defendants are dismissed.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 175) filed by Defendants be and is hereby **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

11