**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

RYAN HAYGOOD, DDS, ET AL.                  CIVIL ACTION NO. 13-0335

VERSUS                                                             JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET AL.                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Record Document 214) filed by Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC (hereinafter referred to as "Dr. Dies" or "Defendants"). Defendants seek dismissal on the grounds they are statutorily immune to suit under La. R.S. 37:791 and 42 U.S.C. § 11111; the Louisiana Unfair Trade Practices Act ("LUTPA") claims are barred by prescription and preemption; and the complaint fails to state a claim under LUTPA upon which relief can be granted. See Record Document 214-1 at 5. Plaintiffs Ryan Haygood, DDS and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion. See Record Document 219. For the reasons set forth below, the Rule 12(b)(6) Motion to Dismiss is **GRANTED** and the Haygood Plaintiffs' LUTPA claims are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

The allegations in the instant suit relate to formal complaints by patients and other dentists which eventually led to an investigation and administrative proceeding wherein Dr. Haygood's dental license was revoked by the Louisiana State Board of Dentistry ("the Dental Board"). The Dental Board initially became involved because of a complaint against

Dr. Haygood, claiming that he recommended extensive and expensive treatment plans after over-diagnosing/unnecessarily diagnosing patients with peridontal disease. The investigation and resulting administrative proceeding took place over a three year period.

On November 8, 2010, at the conclusion of four days of adversarial hearings, which included the presentation of witnesses, experts and medical/dental evidence, a three-member disciplinary panel revoked Dr. Haygood's dental license and levied fines against him. This punishment was imposed due to Dr. Haygood's violations of the Dental Practice Act. See La. R.S. 37:751, *et seq.*

Dr. Haygood appealed the November 8, 2010 decision of the Dental Board to the Civil District Court of Orleans Parish ("CDC") Docket No. 2010-12060. On May 31, 2011, the CDC affirmed some of the findings, but remanded part of the case to the Dental Board due to the erroneous inclusion of charges against Dr. Haygood that were previously dismissed. In all other respects, the CDC affirmed the Dental Board's decision. Dr. Haygood appealed the portion of the May 31, 2011 decision of the CDC which was affirmed to the Louisiana Fourth Circuit Court of Appeal, Docket No. 2011-CA-1327.

On August 29, 2011, the Dental Board issued a decision regarding the remanded portion of the suit. It again levied fines against Dr. Haygood and affirmed the revocation of his dental license in its Amended Decision After Remand. This decision was also appealed by Dr. Haygood to the CDC, which affirmed the ruling on December 9, 2011. The two decisions by the CDC (May 31, 2011 and August 29, 2011) were consolidated on appeal to the Louisiana Fourth Circuit Court of Appeal. The Fourth Circuit vacated and remanded the Dental Board's ruling, finding that the Dental Board's independent counsel participated in the administrative hearing in dual roles as prosecutor and adjudicator in

violation of Dr. Haygood's due process rights.

The Haygood Plaintiffs brought this lawsuit against the instant Defendants, and others, on February 13, 2013, alleging damages arising from constitutional violations (42 U.S.C. § 1983) and 15 U.S.C. § 1 and § 2 (The Sherman Act), as well as Louisiana state law claims for defamation and for violations of the LUTPA (La. R.S. 51:1409 *et seq.*). See Record Document 1. On March 7, 2014, the Haygood Plaintiffs filed a First Supplemental, Amended and Restated Complaint, adding requests for declaratory and injunctive relief. See Record Document 100. The new grounds for relief were not directed against the instant Defendants.

As to the instant Defendants, the Haygood Plaintiffs allege that Dr. Dies was a direct, primary competitor of Dr. Haygood in the Shreveport/Bossier community. See id. at ¶ 89. In June 2007, the Dental Board designated Dr. Dies as their "expert" and forwarded medical records to him "ostensibly for a neutral and independent evaluation of complaints." Id. at ¶ 92. The Haygood Plaintiffs contend that Dr. Dies knew that his evaluations would be used as evidence against Dr. Haygood and that such evaluation were "studded with inaccuracies, falsehoods, exaggerations and improper assumptions." Id. The evaluations were used during the 2010 administrative proceedings before the Dental Board. Id.

On March 31, 2014, this Court denied a Rule 12(b)(6) Motion to Dismiss filed by the instant Defendants. See Record Documents 106 & 107. The motion was denied with prejudice as to the LUTPA claims and denied without prejudice as to all other claims against the instant Defendants. See Record Document 106 at 3.

On April 22, 2014, Defendants filed a second Motion to Dismiss, arguing that the

Haygood Plaintiffs' claims under Section 1983 were prescribed or failed under Rule 12(b)(6); the Haygood Plaintiffs failed to state a claim for antitrust violations under 15 U.S.C. §§ 1 & 2; and the Haygood Plaintiffs failed to state a defamation claim under Louisiana law. See Record Document 123. Additionally, Defendants argued that Dr. Dies had absolute immunity for all claims related to his alleged role as expert for the Dental Board during the administrative proceedings against Dr. Haygood. See id.

On March 16, 2016, this Court granted the Motion to Dismiss as to the Section 1983 claims, the Sherman Act claims, and the Louisiana state law defamation claim. See Record Documents 184 & 185. The Court held that the Section 1983 claims were prescribed and that the Haygood Plaintiffs had failed to state a claim under the Sherman Act or for defamation under Louisiana state law. See Record Document 184 at 9, 12-13 & 15. The Court also discussed immunity in its March 16, 2016 ruling:

> Defendants have moved for dismissal of all claims against Dr. Dies because he has absolute immunity for the Haygood Plaintiffs' claims related to his alleged role as an expert for the Dental Board during the administrative proceedings. See Record Document 123-1 at 26-29. The immunity is based on Section 791 of the Dental Practices Act . . . . La. R.S. 37:791(A).
> The Haygood Plaintiffs argued in their opposition that Section 791 proffered qualified, not absolute, immunity; that Section 791(A)(1) was inapplicable because they have alleged malice; and that Section 791(A)(2) was inapplicable because Dr. Dies knew the evaluations contained falsehoods. See Record Document 135 at 27-32. Defendants did not respond to the Haygood Plaintiffs' position regarding Section 791 immunity in their reply. See Record Document 140.
> In light of the instant ruling, the Haygood Plaintiffs' . . . LUTPA . . . claims against the instant Defendants are the only remaining claims. See Record Document 106 at 3. The instant motion did not move for dismissal of the LUTPA claims and, more specifically, did not address Section 791 immunity in the context of LUTPA. Thus, this Court will not reach the issue of whether the instant Defendants enjoy Section 791 immunity as to the LUTPA claims. The Court fully expects such issue to be the subject of future motion practice.

4

Id. at 15-16.

Defendants have now filed a third Motion to Dismiss seeking dismissal of the Haygood Plaintiffs' claims with prejudice on three grounds: (1) they are statutorily immune to suit under La. R.S. 37:791 and 42 U.S.C. § 11111; (2) the LUTPA claims are barred by prescription and preemption; and (3) the complaint fails to state a claim under LUTPA upon which relief can be granted. See Record Document 214-1 at 5. The Haygood Plaintiffs opposed the motion. See Record Document 219. The Court will now proceed to its analysis of the instant motion.

**LAW AND ANALYSIS**

**A.     Legal Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Although courts generally are not permitted to review materials outside of the pleadings when determining whether a plaintiff has stated a claim for which relief may be granted, there are limited exceptions to this rule. Specifically, a court may consider documents attached to a Fed. R. Civ. P. 12(b)(6) motion to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Additionally, pleadings filed in state or other federal district courts are matters of public record and the Court may take judicial notice of those documents in connection with a Rule 12(b)(6) motion to dismiss. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

**B.     LUTPA Claims.**

There is no dispute that the only remaining claims in this lawsuit are the LUTPA claims against the instant Defendants. La. R.S. 51:1405(A) prohibits any "unfair or deceptive acts or practices in the conduct of any trade or commerce." Courts have the power to determine, on a case-by-case basis, the type of conduct that falls within that category. See Cheramie Services, Inc. v. Shell Deepwater Production Company, Inc., 2009-1633 (La. 04/23/10), 35 So.3d 1053, 1059. In Cheramie, the Louisiana Supreme Court required that a plaintiff must allege conduct that "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantial[ly] injurious." Id.; Cargill, Inc. v. Degesch America, Inc., 875 F. Supp. 2d 667, 676 (E.D. La. 2012); Jones Energy

Co., LLC v. Chesapeake Louisiana, L.P., 873 F. Supp. 2d 779, 789 (W.D. La. 2012).

Here, the Haygood Plaintiffs allege that Dr. Dies was a competitor and served as an independent expert for the Dental Board. See Record Document 100 at ¶¶ 4, 89. They allege that Dr. Dies had a strong personal dislike of Dr. Haygood; his expert testimony to the Dental Board was tainted; and he had obvious bias against Dr. Haygood. See id. at ¶¶ 64, 90, 104. Defendants have now moved for dismissal of the LUTPA claims on multiple grounds. The Court will first address Defendants' argument that they are statutorily immune to suit under La. R.S. 37:791 and 42 U.S.C. § 11111.

Section 791 Immunity

Under La. R.S. 37:760, the Dental Board has the authority to regulate the practice of dentistry. Section 791 of the Dental Practices Act provides:

A. There shall be no liability on the part of and no action for damages against:

(1) Any member of the board, or its agents or employees, or any member of an examining committee of dentists appointed or designated by the board, for any action undertaken or performed by such person within the scope of the duties, powers, and functions of the board or such examining committee as provided for in this Chapter when such person is acting without malice and in the reasonable belief that the action taken by him is warranted; or

(2) Any person providing information to the board, its agents or employees, or to an examining committee of dentists appointed or designated by the board, whether a witness, participating in an impaired dentist or dental hygienist intervention (the act of interceding in behalf of an individual who is abusing, or is dependent on, one or more psychoactive drugs, with the aim of overcoming denial, interrupting drug-taking behavior, or inducing the individual to seek and initiate treatment), or otherwise. Such a person shall not be held liable in damages under any law of the state of Louisiana or any political subdivision thereof, by reason of having

7

> provided such information, unless such information is false and
> the person providing it knew that such information was false.

La. R.S. 37:791(A). Defendants argue Dr. Dies is immune from the claims asserted against him relating to his duties as an expert for the Dental Board under either subsection (1) or (2) of Section 791(A).

Louisiana courts have held that similar licensing statutes in the fields of nursing and racing provide immunity for licensing board actions even when wrongful intent is alleged. See Talbert v. Louisiana State Bd. of Nursing, 2003-0258 (La. App. 1 Cir. 12/31/03), 868 So. 2d 729; Durousseau v. Louisiana State Racing Commission, 98–0442, p. 4 (La.App. 4 Cir. 12/9/98), 724 So.2d 844, *writ denied*, 99–0034 (La.2/12/99), 738 So.2d 582 (racing commission entitled to quasi-judicial immunity where the plaintiff sued for damages as a result of the commission's "intentional wrongdoing" in connection with refusal to reinstate a jockey's license). In Talbert, the plaintiffs filed a lawsuit against the Louisiana State Board of Nursing ("the Board") seeking tort damages allegedly resulting from the Board's summary suspension of Linda Talbert's nursing license. See Talbert, 868 So.2d 729. The plaintiffs had alleged the suspension of the license was malicious, unreasonable and wrongful. See id. at 730. The Board filed an exception of no cause of action, asserting quasi-judicial immunity. See id. The court held:

> In suspending Mrs. Talbert's license . . . , the Board was acting in its administrative adjudicatory capacity. The Board is vested by statute with broad authority over matters pertaining to licensing of nurses. La. R.S. 37:918 *et seq.* Extending quasi-judicial immunity to the Board's administrative adjudicatory decisions preserves the independence of judgment of the adjudicators by foreclosing any possibility of intimidation or deterrence through the threat or actuality of suits for damages. See Durousseau v. Louisiana State Racing Commission, 98–327 at p. 6, 724 So.2d 847.

> For these reasons, we hold that the Board has quasi-judicial absolute immunity as to claims for money damages based upon a wrongful administrative adjudication. As all of the allegations of the petition that pertain to the Board are based on its alleged wrongful suspension of Mrs. Talbert's license, the Board is entitled to immunity from this lawsuit, and the trial court correctly granted the Board's exception of no cause of action.

Id. at 731.

The Haygood Plaintiffs argue Section 791 immunity is "plainly insupportable." Record Document 219 at 5. They cite to "extensive argument" in the state court proceeding regarding immunity, yet fail to attach the transcript of the July 2014 proceeding. See id. They further contend that the state court has rejected the immunity provisions offered by Defendants. See id. However, this Court's review of the Court of Appeal of Louisiana, Second Circuit's opinion reveals that immunity was neither discussed, nor rejected by the appellate court. See Haygood v. Dies, 48,485 (La. App. 2 Cir. 11/20/2013), 127 So.3d 1008. The Haygood Plaintiffs further argue that immunity is not available because Dr. Dies acted "outside the context of his testimony as an expert." Record Document 219 at 5. Yet, the Haygood Plaintiffs alleged in their First Supplemental, Amended and Restated Complaint that Dr. Dies "served as an 'independent' expert for the Board *at all times pertinent herein*." Record Document 100 at ¶ 4 (emphasis added).

The Court finds that all of the Haygood Plaintiffs' factual allegations against Dr. Dies, including those relating to alleged false and inaccurate expert testimony, were integrally related to the Dental Board's investigation and licensing decision involving Dr. Haygood. Despite the Haygood Plaintiffs' allegations of malice and unreasonable/wrongful conduct, Dr. Dies' actions fell within the scope of his duties as an independent expert for the Dental Board and he is entitled to Section 791 immunity. See Talbert, 868 So.2d at 731.

9

Section 11111 Immunity

Defendants argued in the alternative that they are immune from a damages claim under the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101–11152. Congress enacted the Health Care Quality Improvement Act of 1986 to improve the quality of medical care and to restrict the ability of incompetent doctors and dentists to move from state to state and thereby evade discovery or disclosure of their damaging or incompetent performance. See Am. Dental Ass'n v. Shalala, 3 F.3d 445, 446 (D.C. Cir. 1993); DOE v. Rogers, 139 F.Supp.3d 120, 127-128 (D.D.C. 2015). Section 11111 provides statutory immunity for all licensing review action and reads in pertinent part:

(a)    In general

    (1)    Limitation on damages for professional review actions

        If a professional review action (as defined in section 11151(9) of this title) of a professional review body meets all the standards specified in section 11112(a) of this title, except as provided in subsection (b) of this section–

        (A)    the professional review body,

        (B)    any person acting as a member or staff to the body,

        (C)    any person under a contract or other formal agreement with the body, and

        (D)    any person who participates with or assists the body with respect to the action,

        shall not be liable in damages under any law of the United States or of any State (or political subdivision thereof) with respect to the action. . . .

    (2)    Protection for those providing information to professional review bodies

        Notwithstanding any other provision of law, no person (whether

> as a witness or otherwise) providing information to a professional review body regarding the competence or professional conduct of a physician shall be held, by reason of having provided such information, to be liable in damages under any law of the United States or of any State (or political subdivision thereof) unless such information is false and the person providing it knew that such information was false.

42 U.S.C. § 11111. In order to enjoy the protections set forth in Section 11111(a), "a professional review action must be taken--

> (1) in the reasonable belief that the action was in the furtherance of quality health care,
>
> (2) after a reasonable effort to obtain the facts of the matter,
>
> (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
>
> (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

42 U.S.C. § 11112(a). Section 11112(a) further provides that "a professional review action ***shall be presumed*** to have met the preceding standards necessary for the protection set out in section 11111(a) of this title ***unless the presumption is rebutted by a preponderance of the evidence***." Id. (emphasis added). Courts have generally applied the immunity provision of Section 11111(a) for medical peer review participants, even when unfair trade competition practices are alleged. See generally Moore v. Williamsburg Reg'l Hosp., 560 F.3d 166, 171-176 (4th Cir. 2009).

Here, Dr. Dies was retained to review patient records in connection with the Board's peer investigation of Dr. Haygood. All of the alleged acts by Defendants were taken in connection with the peer investigation proceeding and Section 11111(a) immunity is

11

applicable. Moreover, the Haygood Plaintiffs failed to address Section 11111 immunity in their opposition. See Record Document 219; Record Document 220-2 at 2. Thus, the they have not presented evidence to rebut the Section 11112(a) presumption. Additionally, by failing to address Section 11111 immunity in their opposition, the Haygood Plaintiffs have waived contesting this issue and the Court finds that Defendants are entitled to Section 11111 immunity from damages. See Muniz v. El Paso Marriott, 773 F.Supp.2d 674, 683 (W.D.Tex. 2011), *aff'd sub nom.* Muniz v. Columbia Sussex Corp., 477 Fed.Appx. 189 (5th Cir. 2012) (per curiam) ("In addition, Plaintiff failed to address these claims in her response to Defendant's Motion. [Thus], the Court finds Plaintiff has waived the two claims."); Lopez v. River Oaks Imaging & Diagnostic Grp., Inc., 542 F.Supp.2d 653, 659 (S.D.Tex. 2008) ("The Fifth Circuit consistently holds that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (internal citations omitted).[1]

## CONCLUSION

Based on the foregoing analysis, the Court finds that Defendants are entitled to statutory immunity under La. R.S. 37:791 and 42 U.S.C. § 11111. The Rule 12(b)(6) Motion to Dismiss (Record Document 214) filed by Defendants Ross H. Dies, DDS, and Ross H. Dies, DDS, J. Cody Cowen, DDS, and Benjamin A. Beach, DDS, A Professional Dental LLC is, therefore, **GRANTED**. All of the Haygood Plaintiffs' LUTPA claims are

---

[1]Because this Court has held that Defendants are entitled to immunity under both Section 791 and Section 11111, it need not analyze the other two grounds for dismissal, that is, the LUTPA claims are barred by prescription and preemption and the complaint fails to state a claim under LUTPA upon which relief can be granted.

**DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of February, 2018.

                                                                                   */S/ Maurice Hicks/*
                                                S. MAURICE HICKS, JR., CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT