# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

RYAN HAYGOOD, DDS, ET AL.            CIVIL ACTION NO. 13-0335

VERSUS                              JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET AL.               MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion for Attorney Fees (Record Document 189) filed by Defendant H.O. Blackwood, D.D.S. ("Dr. Blackwood"). Dr. Blackwood seeks to recover reasonable attorney fees under 42 U.S.C. § 1988(b) and La. R.S. 51:1409(A). Plaintiffs Ryan Haygood, D.D.S. and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion. See Record Document 202. For the reasons set forth below, the Motion for Attorney Fees is **GRANTED**.

## BACKGROUND

In March 2016, this Court granted Dr. Blackwood's Rule 12(b)(6) motion, dismissing the Haygood Plaintiffs' Section 1983 claims as prescribed and holding that the Sherman Act, state law defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims failed under Rule 12(b)96) and the Twombly/Iqbal standard. See Record Documents 182 & 183. All of the claims against Dr. Blackwood were dismissed with prejudice. See id. As to the Section 1983 claims, this Court reasoned:

> Dr. Haygood filed a state court claim against certain defendants on September 27, 2011. See Record Document 131, Exhibit A. Dr. Blackwood was not named as a defendant in that original state petition. The factual allegations in the state court petition are the same allegations made in the instant federal lawsuit. On June 28, 2013, Dr. Haygood amended the state court petition for the third time and named Dr. Blackwood as a defendant. See id., Exhibit B. Dr. Haygood also sought, for the first time in state court, damages for violations of Section 1983 in the Third Supplemental and

Amended Petition for Damages.  See id.

Almost two years elapsed between the initial filing in state court and the filing of the Third Supplemental and Amended Petition for Damages, which added both Dr. Blackwood as a defendant and Section 1983 claims. Likewise, almost two years elapsed between the filing of the initial proceeding in state court in September 2011 and the filing of the federal lawsuit in February 2013.  This Court holds that the Haygood Plaintiffs clearly knew, or should have known, of the overt acts which might constitute a Section 1983 violation when the state court lawsuit was filed in September 2011.  The Court is also unconvinced that any of the allegations in the state court petition were sufficient to interrupt prescription.  See Ford v. Stone, 599 F.Supp. 693 (M.D. La. 1984).  Therefore, this Court finds that the alleged wrongdoing under Section 1983 by the instant Defendant has prescribed under Louisiana law.

. . .

. . . Dr. Haygood received notice of the revocation of his license on or about November 8, 2010. . . . Therefore, the § 1983 claims against Defendants had already prescribed when the federal suit was filed on February 13, 2013.

The Court additionally notes that even if this action was not prescribed, the Rule 12(b)(6) Motion filed by Dr. Blackwood nonetheless would be granted because the bald conclusory allegations that he was involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal.  See Twombly, 550 U.S. 544, 127 S.Ct. 1955; Iqbal, 556 U.S. 662, 129 S.Ct. 1937.

Record Document 182 at 7-9.  This Court dismissed the LUTPA claims, holding:

Here, the factual allegations made against Dr. Blackwood, i.e., his deeply negative personal and professional predisposition toward Dr. Haygood; his strong influence with the Dental Board; encouraging others to take action against Dr. Haygood, fail to rise to the level of facts necessary to support a claim under the Louisiana Unfair Trade Practices Act.

Id. at 15.

**LAW AND ANALYSIS**

Dr. Blackwood argues he is the prevailing party with respect to the Section 1983 claims and the LUPTA claims; thus, he maintains he is entitled to reasonable attorney fees under Section 1988(b) and Section 1409, "as the [Section] 1983 and LUPTA claims against him were frivolous and brought in bad faith." Record Document 189 at 2. Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . .15:1409, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). In the context of prevailing defendants, Section 1988(b) is meant "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011) (citation omitted). Thus, Section 1988 "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. (citation and internal quotation omitted). The Fox court further reasoned:

> [A] defendant may deserve fees even if not all the plaintiff's claims were frivolous. . . . That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

Id. at 834, 131 S.Ct. at 2214 (internal citations omitted).

Here, this Court held that "the Haygood Plaintiffs clearly knew, or should have known, of the overt acts which might constitute a Section 1983 violation when the state court lawsuit was filed in September 2011." Record Document 182 at 8. Claims that are clearly time-barred are meritless and are properly deemed frivolous. See Provensal v.

Gaspard, 524 F. App'x 974, 977 (5th Cir. 2013); see also Willis v. W. Carroll Parish Det. Ctr., No. 09-1716, 2010 WL 2291994 (W.D. La. Apr. 28, 2010); report and recommendation adopted, 09-1716, 2010 WL 2291996 (W.D. La. June 2, 2010); Brown v. Pool, 79 F. App'x 15 (5th Cir. 2003); Zihlavsky v. Police Dep't of Bossier City, 244 F.3d 136 (5th Cir. 2000); Williams v. Connick, 30 F.3d 1495 (5th Cir. 1994).

Section 1409(A) provides, in pertinent part:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

La. R.S. 51:1409(A). Section 1409(a) "is penal in nature and is subject to reasonably strict construction." Walker v. Hixson Autoplex of Monroe, L.L.C., 51,758 (La. App. 2 Cir. 11/29/17), citing Double–Eight Oil & Gas, L.L.C. v. Caruthers Producing Co., Inc., 41,451 (La. App. 2 Cir. 11/20/06), 942 So.2d 1279. Courts have "discretion in determining whether to award attorney's fees under the statute." See id.

In its March 2016 ruling, this Court concluded that the Haygood Plaintiffs' LUPTA claims wholly failed to rise to the level of facts necessary to support a claim under LUPTA. See Record Document 182 at 15. Thus, the undersigned believes that the totality of the record establishes that the Haygood Plaintiffs' LUPTA claims were groundless and were brought in bad faith or for purposes of harassment.

## CONCLUSION

The Haygood Plaintiffs' Section 1983 were frivolous and their LUPTA claims were groundless and brought in bad faith or for purposes of harassment. Accordingly, Dr. Blackwood's Motion for Attorney Fees (Record Document 189) be and is hereby **GRANTED**. Dr. Blackwood is ordered to file a separate motion to submit detailed time

4

reports, such that a lodestar analysis can be performed to determine the amount of reasonable attorneys fees.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of March, 2018.


S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT