**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| RYAN HAYGOOD, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two motions filed by Plaintiffs Ryan Haygood, DDS and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs"): (1) Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) (Record Document 241); and (2) Motion for Extension of Time to File a Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) (Record Document 274). Defendants Ross H. Dies, DDS, J. Cody Cowen, DDS and Benjamin A. Beach, DDS, A Professional Dental LLC (hereinafter referred to as "the Dr. Dies Defendants") opposed the Motion for Reconsideration. See Record Documents 266, 272. It appears that all Defendants oppose the Motion for Extension of Time to File a Notice of Appeal. See Record Document 274-1.

In the Motion for Reconsideration, the Haygood Plaintiffs ask the Court to reconsider its Memorandum Ruling and Judgment (Record Documents 225-226) granting the Rule 12(b)(6) Motion to Dismiss filed by the Dr. Dies Defendants. The Haygood Plaintiffs now concede that their Motion for Reconsideration pursuant to Rule 59(e) was untimely filed and "acknowledge that their motion . . ., *as it applies to Rule 59(b)*, may not be considered." See Record Document 276 at 2.[1] The Rule 59(e) Motion for Reconsideration

---

[1]Rule 59(b) provides that "a motion for a new trial must be filed no later than 28 days after the entry of judgment." F.R.C.P. 59(b). The Haygood Plaintiffs filed their Motion for Reconsideration 29 days after the Court's Judgment was entered. See Record Document

is, therefore, **DENIED**.

The Court must now consider the Motion for Reconsideration under Rule 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

F.R.C.P. 60(b). "Relief under Rule 60(b) is considered an extraordinary remedy," as the "desire for a judicial process that is predictable mandates caution in reopening judgments." Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998) (citation omitted). Based on the showing made in the motion by the Haygood Plaintiffs, the Court does not find the extraordinary remedy of Rule 60(b) reconsideration is warranted and the Motion for Reconsideration pursuant to Rule 60(b) is **DENIED**.

The Haygood Plaintiffs filed their Motion for Extension of Time to File a Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) due to their "inadvertent

---

276 at 2.

one-day miscalculation of the time delays within which to file their Motion for Reconsideration." Record Document 274 at 1. In their motion, the Haygood Plaintiffs explain:

> This motion and memorandum [are] purely aimed at preserving Plaintiffs' right to appeal. Plaintiffs filed their Motion for Reconsideration at 4:13 p.m. CDT on March 23, 2018, 29 days after the judgment was rendered (and less than 24 hours past the time delay). Neither Plaintiffs nor, it appears, Dr. Dies, [were] aware of the miscalculation until weeks after Plaintiffs filed their Reply . . . . Plaintiffs did not file a notice of appeal within 30 days of the Judgment because Plaintiffs filed their Motion for Reconsideration, thereby "tolling" the time delays for filing a notice of appeal.

Id. at 5. Here, the Court first notes that the Haygood Plaintiffs' Motion for Reconsideration under Rule 60(b) was timely filed and likely tolled the time delays for filing a notice of appeal. Notwithstanding, the facts and circumstances presented by the Haygood Plaintiffs in the instant motion constitute excusable neglect and/or good cause under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). Thus, to the extent it is necessary, the Motion for Extension of Time to File a Notice of Appeal (Record Document 274) is **GRANTED**.

Accordingly, the Haygood Plaintiffs' Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) (Record Document 241) is **DENIED** and the Motion for Extension of Time to File a Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) (Record Document 274) is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of July, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT