**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RYAN HAYGOOD, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion for Reconsideration. See Record Document 279. Defendants ask this Court to reconsider its Memorandum Order of July 10, 2018 (Record Document 278), which denied Plaintiffs' Motion for Reconsideration and granted Plaintiffs' Motion for Extension of Time to File a Notice of Appeal. Plaintiffs oppose the instant motion. See Record Document For the reasons set forth below, Defendants' Motion for Reconsideration (Record Document 279) is **GRANTED**.

The parties do not dispute that March 22, 2018 was the deadline to file for reconsideration pursuant to Rule 59(e). Plaintiffs filed their Motion for Reconsideration under Rule 59(e) and 60(b) on March 23, 2018 – one day late under Rule 59(e). See Record Document 241. This Court denied Plaintiffs' Motion for Reconsideration under both Rule 59(e) and Rule 60(b). See Record Document 278.

Plaintiffs had also asked the Court for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). See Record Document 274. The Court granted this motion, stating:

> Here, the Court first notes that the Haygood Plaintiffs' Motion for Reconsideration under Rule 60(b) was timely filed and likely tolled the time delays for filing a notice of appeal. Notwithstanding, the facts and circumstances presented by the Haygood Plaintiffs in the instant motion constitute excusable neglect and/or good cause under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). Thus, to the extent it is necessary, the

Motion for Extension of Time to File a Notice of Appeal (Record Document 274) is **GRANTED**.

Record Document 278 at 2-3. Defendants now seek reconsideration of this ruling granting an extension of time to file a notice of appeal.

In its July 10, 2018 ruling, this Court was mistaken as to the effect of filing a Rule 60(b) motion, as the comments to the rule provide:

> **Note to Subdivision (b).** Application to the court under this subdivision *does not extend the time for taking an appeal*, as distinguished from the motion for new trial.

F.R.C.P. 60, Advisory Committee Notes, 1937 Adoption (emphasis added). Moreover, in its ruling, this Court failed to address that Plaintiffs' motion to extend the time to file a notice of appeal was untimely. Appellate Rule 4(a)(5) states that a party must move for the extension of the time for filing a notice of appeal no later than 30 days after the time prescribed by Rule 4(a) expires.[1] Here, the Court finds that the deadline to file a notice of appeal was likely March 26, 2018, but no later than May 11, 2018.[2] Giving all benefit

---

[1]Appellate Rule 4(a)(1)(A) provides:

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

F.R.A.P. 4(a)(1)(A). Appellate Rule 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

[2]The notice of appeal was likely due within 30 days of the Court's granting of Defendant Dies' Motion to Dismiss. See Record Document 226. The Court entered Judgment on

to Plaintiffs, any motion filed pursuant to Appellate Rule 4(a)(5) should have been filed no later than June 11, 2018. See Record Document 279-1 at 12, 15-16. Plaintiffs filed their motion for extension under Appellate Rule 4(a)(5) on June 27, 2018. Thus, such motion was untimely under the plain language of Rule 4(a)(5).

The temporal limitation set forth in Appellate Rule 4(a)(5)(A)(i) is also codified in 28 U.S.C. § 2107. Section 2107 provides, in pertinent part:

> (a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
>
> . . .
>
> (c) The district court may, **upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal**, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds --
>
> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> (2) that no party would be prejudiced, the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107 (emphasis added). Thus, the relevant portion of Appellate Rule 4(a)(5)(A)(i) is codified in Section 2107(c) and is, therefore, a mandatory, jurisdictional rule.

---

February 22, 2018. See id. Later, a voluntary stipulation of dismissal was entered on April 11, 2018. See Record Document 259. Thus, giving all benefit to Plaintiffs, it is possible to construe the latest date upon which the notice of appeal was due to be May 11, 2018.

Plaintiffs rely on Hamer v. Neighborhood Housing Sers. of Chicago, --- U.S. ---, 138 S.Ct. 13 (2017) to argue that district courts "may apply equitable consideration in their enforcement" of the 30 day period for filing a motion under Appellate Rule 4(a)(5). Record Document 282 at 4. However, the Hamer court addressed whether the district court had the authority to grant a 60 day extension rather than a 30 day extension to file a notice of appeal, not the actual motion under Appellate Rule 4(a)(5). Thus, Hamer is distinguishable from the instant matter. This Court further notes that Hamer timely filed her motion for extension under Appellate Rule 4(a). See Hamer, 138 S.Ct. at 18.

Based on the foregoing analysis, the Court finds that reconsideration of its July 10, 2018 Memorandum Order is appropriate under Rule 59. While such relief is extraordinary, this Court believes its prior ruling was incorrect and that it lacked the authority to grant Plaintiffs the right to file an out of time appeal when their motion for such was filed after the deadline established by Appellate Rule 4(a)(1)(A) and (a)(5)(A). Accordingly, this Court now **DENIES** Plaintiffs' Motion for Extension of Time to File a Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) (Record Document 274) as untimely.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of November, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT