# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, DDS, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Attorney's Fees (Record Document 230) filed by Defendants Barry Ogden, Camp Morrison, Dana Glorioso, and Karen Moorhead (collectively referred to as "Defendants"). Defendants seek to recover reasonable attorney's fees under 42 U.S.C. § 1988(b) and La. R.S. 51:1409(A). Plaintiffs Ryan Haygood, D.D.S. and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion. See Record Document 256. For the reasons set forth below, the Motion for Attorney's Fees is **GRANTED**.

**BACKGROUND**

In March 2014, this Court granted Defendants' Rule 12(b)(6) motion, dismissing the Haygood Plaintiffs' Section 1983 claims as prescribed and holding that the Sherman Act, state law defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims failed under Rule 12(b)(6) and the Twombly/Iqbal standard. See Record Documents 110 & 111. All of the claims against Defendants were dismissed with prejudice. See id. As to the Section 1983 claims, this Court reasoned:

> Dr. Haygood filed a state court claim which named these Defendants on September 27, 2011. However, no claim for a 42 U.S.C. § 1983 violation against these Defendants occurred until the filing of the complaint in the instant matter on February 13, 2013. Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly knew, or should have known, of the

> overt acts which might constitute a § 1983 violation at least two years before the instant suit was filed. Therefore, this court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by the Defendants has prescribed under Louisiana law.
>
> . . .
>
> . . . Dr. Haygood received notice of the revocation of his license on or about November 8, 2010. . . . Therefore, the § 1983 claims against Defendants had already prescribed when the federal suit was filed on February 13, 2013.
>
> The Court additionally notes that even if this action was not prescribed, the Rule 12(b)(6) Motion filed by the Defendants nonetheless would be granted because Dr. Haygood's bald conclusory allegation that these Defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Record Document 110 at 5-6. This Court dismissed the LUTPA claims, holding:

> In the instant matter, Dr. Haygood fails to allege any act by these Defendants which would enable them to achieve an unfair competitive advantage over Plaintiffs (no can he since none of these Defendants are dentists). Therefore, Defendants' Motion to Dismiss this claim is **GRANTED**.

Id. at 12.

## LAW AND ANALYSIS

Defendants argue they are the prevailing parties with respect to the Haygood Plaintiffs' Section 1983 claims and LUPTA claims; thus, they maintain they are entitled to reasonable attorney's fees under Section 1988(b) and Section 1409, "as the [Section] 1983 and LUPTA claims against him were frivolous and brought in bad faith." Record Document 189 at 2. Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). In the context of prevailing defendants, Section 1988(b) is meant "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011) (citation omitted). Thus, Section 1988 "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. (citation and internal quotation omitted). The Fox court further reasoned:

> [A] defendant may deserve fees even if not all the plaintiff's claims were frivolous. . . . That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

Id. at 834, 131 S.Ct. at 2214 (internal citations omitted).

Here, this Court held that "the plaintiffs clearly knew, or should have known, of the overt acts which might constitute a § 1983 violation at least two years before the instant suit was filed." Record Document 110 at 5. Claims that are clearly time-barred are meritless and are properly deemed frivolous. See Provensal v. Gaspard, 524 F. App'x 974, 977 (5th Cir. 2013); see also Willis v. W. Carroll Parish Det. Ctr., No. 09-1716, 2010 WL 2291994 (W.D. La. Apr. 28, 2010); report and recommendation adopted, 09-1716, 2010 WL 2291996 (W.D. La. June 2, 2010); Brown v. Pool, 79 F. App'x 15 (5th Cir. 2003); Zihlavsky v. Police Dep't of Bossier City, 244 F.3d 136 (5th Cir. 2000); Williams v. Connick, 30 F.3d 1495 (5th Cir. 1994).

Section 1409(A) provides, in pertinent part:

Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

La. R.S. 51:1409(A). Section 1409(a) "is penal in nature and is subject to reasonably strict construction." Walker v. Hixson Autoplex of Monroe, L.L.C., 51,758 (La. App. 2 Cir. 11/29/17), citing Double–Eight Oil & Gas, L.L.C. v. Caruthers Producing Co., Inc., 41,451 (La. App. 2 Cir. 11/20/06), 942 So.2d 1279. Courts have "discretion in determining whether to award attorney's fees under the statute." See id.

In its March 2014 ruling, this Court concluded that the Haygood Plaintiffs' failed to allege any act by Defendants which would enable them to achieve an unfair competitive advantage. See Record Document 110 at 12. The Court further noted that such allegations were not possible because none of these Defendants were dentists. See id. Thus, the undersigned believes that the totality of the record establishes that the Haygood Plaintiffs' LUPTA claims were groundless and were brought in bad faith or for purposes of harassment.

## CONCLUSION

The Haygood Plaintiffs' Section 1983 were frivolous and their LUPTA claims were groundless and brought in bad faith or for purposes of harassment. Accordingly, Defendants' Motion for Attorney Fees (Record Document 230) be and is hereby **GRANTED**. No later than twenty-one days from the date of this Memorandum Ruling, Defendants shall file a separate motion to submit detailed time reports, such that a lodestar analysis can be performed to determine the amount of reasonable attorneys fees.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14thday of March, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT