**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RYAN HAYGOOD, DDS, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Attorney's Fees (Record Document 251) filed by Defendants Robert K. Hill, D.D.S., and Hill, D.D.S. Inc. (hereinafter referred to as the "Dr. Hill Defendants"). The Dr. Hill Defendants seek to recover reasonable attorney's fees under 42 U.S.C. § 1988(b) and La. R.S. 51:1409(A). Plaintiffs Ryan Haygood, D.D.S. and Haygood Dental Care, LLC (hereinafter referred to as "Dr. Haygood" or the "Haygood Plaintiffs") opposed the motion. See Record Document 265. For the reasons set forth below, the Motion for Attorney's Fees is **GRANTED**.

**BACKGROUND**

In March 2014, this Court granted the Dr. Hill Defendants' Rule 12(b)(6) motion, dismissing the Haygood Plaintiffs' Section 1983 claims as prescribed and holding that the Sherman Act, state law defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims failed under Rule 12(b)(6) and the Twombly/Iqbal standard. See Record Documents 108 & 109. All of the claims against Defendants were dismissed with prejudice. See id. As to the Section 1983 claims, this Court reasoned:

> Dr. Haygood filed a state court claim against all of the defendants, except Dr. Hill and Hill D.D.S., Inc. on September 27, 2011. See Record Document 24-1, page 24.There was no action brought against Dr. Hill and Hill D.D.S., Inc. until the instant case was filed on February 13, 2013. Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly

> knew, or should have known, of the overt acts involved in the alleged conspiracy at least two years before the instant suit was filed. Therefore, this court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by Dr. Hill has prescribed under Louisiana law.
>
> The Court additionally notes that, even if this action had not prescribed, Dr. Hill's Rule 12(b)(6) Motion would be granted because Dr. Haygood's bald conclusory allegation that these defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Record Document 108 at 5-6. This Court dismissed the LUTPA claims, holding:

> The allegations that Dr. Hill wrote a letter to the Dental Board and encouraged patients to do the same fails to rise to the level of facts necessary to support a claim under this Louisiana statute. Therefore, the Motion to Dismiss this claim is granted.

Id. at 9.

## LAW AND ANALYSIS

The Dr. Hill Defendants argue they are the prevailing parties with respect to the Haygood Plaintiffs' Section 1983 claims and LUPTA claims; thus, they maintain they are entitled to reasonable attorney's fees under Section 1988(b) and Section 1409, "as the claims against them were frivolous and brought in bad faith." Record Document 251 at 2. Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). In the context of prevailing defendants, Section 1988(b) is meant "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011) (citation omitted). Thus, Section 1988 "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. (citation and

internal quotation omitted). The Fox court further reasoned:

> [A] defendant may deserve fees even if not all the plaintiff's claims were frivolous. . . . That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

Id. at 834, 131 S.Ct. at 2214 (internal citations omitted).

Here, this Court noted that because of the over two year period between the filing of the initial proceeding in state court and the filing of the instant case in federal district court, the Haygood Plaintiffs "clearly knew, or should have known, of the overt acts involved in the alleged conspiracy at least two years before the instant suit was filed." Record Document 108 at 5. Thus, any alleged wrongdoing under Section 1983 by the Dr. Hill Defendants was prescribed under Louisiana law. See id. Claims that are clearly time-barred are meritless and are properly deemed frivolous. See Provensal v. Gaspard, 524 F. App'x 974, 977 (5th Cir. 2013); see also Willis v. W. Carroll Parish Det. Ctr., No. 09-1716, 2010 WL 2291994 (W.D. La. Apr. 28, 2010); report and recommendation adopted, 09-1716, 2010 WL 2291996 (W.D. La. June 2, 2010); Brown v. Pool, 79 F. App'x 15 (5th Cir. 2003); Zihlavsky v. Police Dep't of Bossier City, 244 F.3d 136 (5th Cir. 2000); Williams v. Connick, 30 F.3d 1495 (5th Cir. 1994).

Section 1409(A) provides, in pertinent part:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

La. R.S. 51:1409(A). Section 1409(a) "is penal in nature and is subject to reasonably strict construction." Walker v. Hixson Autoplex of Monroe, L.L.C., 51,758 (La. App. 2 Cir.

11/29/17), citing Double–Eight Oil & Gas, L.L.C. v. Caruthers Producing Co., Inc., 41,451 (La. App. 2 Cir. 11/20/06), 942 So.2d 1279. Courts have "discretion in determining whether to award attorney's fees under the statute." See id.

In its March 2014 ruling, this Court concluded that the allegations that Dr. Hill wrote a letter to the Dental Board and encouraged patients to do the same failed to rise to the level of facts necessary to support a claim under LUTPA. Thus, the undersigned believes that the totality of the record establishes that the Haygood Plaintiffs' LUPTA claims were groundless and were brought in bad faith or for purposes of harassment.

**CONCLUSION**

The Haygood Plaintiffs' Section 1983 were frivolous and their LUPTA claims were groundless and brought in bad faith or for purposes of harassment. Accordingly, Defendants' Motion for Attorney Fees (Record Document 251) be and is hereby **GRANTED**. No later than twenty-one days from the date of this Memorandum Ruling, the Dr. Hill Defendants shall file a separate motion to submit detailed time reports, such that a lodestar analysis can be performed to determine the amount of reasonable attorneys fees.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of March, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT