# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, DDS and HAYGOOD DENTAL CARE, LLC | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Determination of Attorney Fees, resulting from the prior granting of Defendants Barry Ogden, Camp Morrison, Dana Glorioso, and Karen Moorhead's (collectively referred to as "Defendants") Motion for Attorney Fees. See Record Document 293 & 294. For the reasons that follow, Defendants are awarded attorneys' fees and costs in the amount of $110,993.62.

## BACKGROUND

In March 2014, this Court granted Defendants' Rule 12(b)(6) motion, dismissing the Haygood Plaintiffs' Section 1983 claims as prescribed and holding that the Sherman Act, state law defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims failed under Rule 12(b)(6) and the Twombly/Iqbal standard. See Record Documents 110 & 111. All claims against the Defendants were dismissed with prejudice. See id.

As to the Section 1983 claim, this Court held that Defendants are entitled to reasonable attorneys' fees under Section 1988(b). See Record Document 293. Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

1

42 U.S.C. § 1988(b). Section 1988(b) "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011) (citation and internal quotation omitted). In finding the Haygood Plaintiffs' Section 1983 claim frivolous, this Court reasoned:

> Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly knew, or should have known, of the overt acts which might constitute a § 1983 violation at least two years before the instant suit was filed. Therefore, this Court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by the Defendants has prescribed under Louisiana law.
>
> . . .
>
> . . . The Court additionally notes that even if this action was not prescribed, the Rule 12(b)(6) Motion filed by the Defendants nonetheless would be granted because Dr. Haygood's bald conclusory allegations that he was involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Iqbal, 556 U.S. 662 (2009).

Record Document 110 at 5-6.

As to the LUTPA claims, this Court held that Defendants are entitled to reasonable attorneys' fees under La. R.S. 51:1409(A), which provides, in pertinent part:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

This Court found that the Haygood Plaintiffs failed to allege any act by Defendants which would enable them to achieve an unfair competitive advantage over Plaintiffs. See id at 12. Thus, the LUTPA claims were groundless and brought in bad faith or for purposes of harassment, which entitled Defendants to attorneys' fees and costs under La. R.S. 51:1409(A).

2

Accordingly, Defendants' Motion for Attorney Fees was granted on March 14, 2019. See Record Document 293. Haygood's resulting Motion for Reconsideration of and/or to Alter or Amend the Memorandum Ruling and Order Granting Attorney's Fees was denied. See Record Document 316. Defendants timely filed Motions to Submit Detailed Time Reports for the Determination of Attorney Fees and now request attorneys' fees and costs totaling $114,987.26. See Record Document 311-3.

Haygood appealed the grant of attorneys' fees, and the Fifth Circuit dismissed the appeal for want of jurisdiction. See Record Document 319. Courts of appeal have authority to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. The Fifth Circuit reasoned that because, at the time of appeal, no order existed specifying the amount awarded in attorney's fees, the order was not final for purposes of appellate review. See id. This Court must now determine reasonable attorneys' fees and costs.

## LAW AND ANALYSIS

42 U.S.C. § 1988(b) authorizes a district court, in its discretion, to award a reasonable attorney's fee to a prevailing party as part of the costs. Likewise, La. R.S. 51:1409(A) authorizes award of reasonable attorneys' fees and costs to a defendant when a court finds that the litigation was brought in bad faith or for purposes of harassment. In their submission of detailed time reports, Defendants identified three categories of expenses billed to clients in defense of the instant suit: (1) the firm's attorneys' fees billed for time expended solely in defense of the instant suit, (2) attorneys' fees billed by the Louisiana Office of the Attorney General, and (3) costs relevant to the instant federal litigation. See Record Document 311-3.

Regarding the first and second categories, reasonable attorney fee awards in federal actions are determined by performing a two-step lodestar analysis. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 130 S.Ct. 1662, 1672 (2010), Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983), Calix v. Ashton Marine LLC, No. 14-2430, 2016 WL 4194119, at *1 (E.D. La. July 14, 2016). First, "[a] lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." Heidtman v. Cty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is presumptively sufficient, 559 U.S. at 552, but may then be decreased or enhanced based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Heidtman, 171 F.3d at 1043. The Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases." 488 F.2d at 717–19.

The prevailing party bears the burden of documenting and submitting the appropriate hours expended and hourly rates. See Hensley v. Eckerhart, 461 U.S. at 437, 103 S.Ct. at 1941. Counsel for the prevailing party must make a good faith effort to exclude excessive, duplicative, or otherwise unnecessary entries. See id. at 434, 103 S.Ct. at 1939–40. This Court, along with others within the Fifth Circuit, has noted that

4

"some cases . . . require that attorneys perform work on numerous claims, issues or even proceedings, not all of which independently or standing alone give rise to a basis for an award of attorney's fees." Sabre Industries, Inc. v. Module X Solutions, LLC, No. 15-2501, 2019 WL 4794103, at *1 (W.D. La. Sept. 30, 2019) (citing Cashman Equip. Corp. v. Smith Marine Towing Corp., No. CV 12-945, 2013 WL 12229038, at *7 (E.D. La. June 27, 2013), report and recommendation adopted, No. CV 12-945, 2013 WL 12228976 (E.D. La. July 12, 2013)); see also NOP, LLC v. Kansas, No. CIV.A. 101423, 2011 SL 1485287, at *5 (E.D. La. Mar. 23, 2011), report and recommendation adopted, No. CIV.A. 10-1423, 2011 WL 1558687 (E.D. La. Apr. 18, 2011). In such cases, courts "need not segregate fees when the facts and issues are so closely interwoven that they cannot be separated." Id. Rather, the determinative inquiry is whether the claims include a common core of facts or were based on related legal theories linking them to the successful claim. See id. If the facts and issues are closely interwoven, the prevailing party may recover reasonable attorneys' fees incurred to defend against the intertwined claims. See id.

In the instant case, the law from which state defamation and Sherman Act claims arise does not provide for award of attorneys' fees. See 15 U.S.C. §1 and §2. Based on review of the facts and circumstances of this case, this Court finds that all of the Plaintiff's claims rest on a common core of operative facts such that it would be impracticable to separate the hours attributable to each related claim. Defendants have exercised sound billing judgment in seeking this award of attorneys' fees by excluding entries related to Plaintiffs' case pending in State Court and writing off otherwise unnecessary entries before submitting time records to this Court. See Record Document 311-3.  The Court conducted a thorough review of the Detailed Time Report submitted by Defendants.

Defendants requested $102,660.14 as the sum of monthly firm invoices. Yet, this Court's review and calculation of the total monthly firm invoices was $98,666.50. See Record Documents 311-3 & 311-4. Thus, this Court will treat the sum of $98,666.50 as the amount of attorneys' fees requested by Defendants. Based upon this Court's review of the facts of this case and the Detailed Time Reports in Record Document 311, this Court finds that the hours invoiced as represented in the detailed time report are reasonable for purposes of the lodestar calculation.

This Court must also determine reasonable hourly rates for billing attorneys and paralegals. A reasonable hourly rate is "to be calculated according to the prevailing market rates in the relevant community" and is a rate "adequate to attract competent counsel." Blum v. Stenson, 465 U.S. 886, 895–97, 104 S.Ct. 1541, 1547–48. This Court accepts that hourly rates of $125-140 for attorneys with varying experience, $25-50 for law clerks, and $50 for a paralegal are acceptable rates within the Western District of Louisiana. Such rates are also customary as to the fees normally charged by the firm. See Record Document 311-6. Thus, the hourly rates are reasonable for purposes of the lodestar calculation.

This Court notes that Exhibit A-2 does not provide the number of hours or hourly rates billed by attorneys at the Louisiana Office of the Attorney General because of a change in data tracking procedures between 2014 and 2015. See Record Document 311-3. Based on review of the facts of this case, this Court finds the requested attorneys' fees of $11,594.66 reasonable given the Attorney General's role in this case.

Based on the foregoing analysis, the lodestar is $110,261.16 ($98,666.50 plus $11,594.66). There is a strong presumption that this lodestar figure is reasonable, "but

that presumption may be overcome in rare circumstances where the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." Perdue, 559 U.S. at 554, 130 S.Ct. at 1673. The lodestar includes most, if not all, of the relevant factors constituting a reasonable attorney fee. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566, 106 S.Ct 3088, 3098 (1986). Novelty and complexity of issues, special skill and experience of counsel, quality of representation, and results obtained from litigation are presumably fully reflected in the lodestar and thus cannot be independent bases upon which a court increases the lodestar. See Blum v. Stenson, 465 U.S. at 898–900, 104 S.Ct. at 1548–50. This Court finds that none of the Johnson factors warrant an increase or decrease in the award sought by Defendants.

Under Rule 1.5(a) of the Louisiana Rules of Professional Conduct, the factors to be considered in determining the reasonableness of attorney's fees are substantially similar to those considered under the federal lodestar analysis. This Court likewise finds that none of the Rule 1.5(a) factors warrant an adjustment to the award sought by Defendants.

As to the second category of expenses relating to costs incurred in defense of the instant case, reasonable out-of-pocket expenses such as photocopying, paralegal assistance, travel, and telephone are generally recoverable in cost awards. See Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990). Ultimately, reasonableness of costs awarded is within the sound discretion of the Court. See id.; see also La. Code Civ. Proc. Ann. art. 1920. This Court

has reviewed the requested costs and finds all requested costs in Record Document 311-4 reasonable. Thus, this Court awards Defendants costs totaling $732.46.

## CONCLUSION

Based on the foregoing analysis, this Court finds attorneys' fees in the amount of $110,261.16 and costs in the amount of $732.46 to be reasonable. Defendants Barry Ogden, Camp Morrison, Dana Glorioso, and Karen Moorhead are hereby awarded $110,993.62 in attorneys' fees and costs.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of August, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT