UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RYAN HAYGOOD, DDS and                        CIVIL ACTION NO. 13-0335
HAYGOOD DENTAL CARE, LLC

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

BRIAN BEGUE, ET AL.                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is a Determination of Attorney Fees, resulting from the prior granting of Defendants Robert K. Hill, D.D.S., and Hill D.D.S. Inc.'s ("Defendants") Motion for Attorney Fees. See Record Document 295 & 296. For the reasons that follow, Defendants Robert K. Hill, D.D.S. and Hill D.D.S. are awarded attorneys' fees and costs in the amount of $95,382.66.

**BACKGROUND**

In March 2014, this Court granted Defendants' Rule 12(b)(6) motion, dismissing the Haygood Plaintiffs' Section 1983 claims as prescribed and holding that the Sherman Act, state law defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims failed under Rule 12(b)(6) and the Twombly/Iqbal standard. See Record Documents 108 & 109. All claims against Defendants were dismissed with prejudice. See id.

As to the Section 1983 claim, this Court held that Defendants are entitled to reasonable attorneys' fees under Section 1988(b). See Record Document 295. Section 1988(b) provides, in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). Section 1988(b) "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011) (citation and internal quotation omitted). In finding the Haygood Plaintiffs' Section 1983 claim frivolous, this Court reasoned:

> Because over two years elapsed between the filing of the initial proceeding in state court and the instant case, this Court finds that the plaintiffs clearly knew, or should have known, of the overt acts involved in the alleged conspiracy at least two years before the instant suit was filed. Therefore, this Court finds that the alleged wrongdoing under 42 U.S.C. § 1983 by Dr. Hill has prescribed under Louisiana law.
>
> . . .
>
> . . . The Court additionally notes that even if this action had not prescribed, Dr. Hill's Rule 12(b)(6) Motion would be granted because Dr. Haygood's bald conclusory allegation that these defendants were involved in a conspiracy with the Dental Board fails the plausibility standard established in Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Record Document 105 at 5-6.

As to the LUTPA claims, this Court held that Defendants are entitled to reasonable attorneys' fees under La. R.S. 51:1409(A), which provides, in pertinent part:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

This Court found that the Haygood Plaintiffs' LUTPA claim failed to rise to the level of facts necessary to support a claim under the LUTPA. See Record Document 105. Thus, the LUTPA claims were groundless and brought in bad faith or for purposes of harassment, which entitled Defendants to attorneys' fees and costs under La. R.S. 51:1409(A).

Accordingly, Defendants' Motion for Attorney Fees was granted on March 14, 2019. See Record Document 295. Defendants timely filed Motions to Submit Detailed Time Reports for the Determination of Attorney Fees. See Record Document 306. This Court must now determine reasonable attorneys' fees and costs.

## LAW AND ANALYSIS

42 U.S.C. § 1988(b) authorizes a district court, in its discretion, to award a reasonable attorney's fee to a prevailing party as part of the costs. Likewise, La. R.S. 51:1409(A) authorizes award of reasonable attorneys' fees and costs to a defendant when a court finds that the litigation was brought in bad faith or for purposes of harassment. In their submission of detailed time reports, the Defendants identified three categories of attorneys' fees and costs spent in this litigation: (1) attorney time expended solely in defense of the instant suit, (2) time expended related to depositions relevant to both federal and state litigation, and (3) expenses related to depositions relevant to both federal and state litigation. See Record Document 306-1.

Regarding the first and second categories, reasonable attorney fee awards in federal actions are determined by performing a two-step lodestar analysis. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 130 S.Ct. 1662, 1672 (2010), Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983), Calix v. Ashton Marine LLC, No. 14-2430, 2016 WL 4194119, at *1 (E.D. La. July 14, 2016). First, "[a] lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." Heidtman v. Cty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is presumptively sufficient, 559 U.S. at 552, but may then be decreased or enhanced based on the relative weights of the twelve factors set

forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Heidtman, 171 F.3d at 1043. The Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases." 488 F.2d at 717–19.

The prevailing party bears the burden of documenting and submitting the appropriate hours expended and hourly rates. See Hensley v. Eckerhart, 461 U.S. at 437, 103 S.Ct. at 1941. Counsel for the prevailing party must make a good faith effort to exclude excessive, duplicative, or otherwise unnecessary entries. See id. at 434, 103 S.Ct. at 1939–40. This Court, along with others within the Fifth Circuit, has noted that "some cases . . . require that attorneys perform work on numerous claims, issues or even proceedings, not all of which independently or standing alone give rise to a basis for an award of attorney's fees." Sabre Industries, Inc. v. Module X Solutions, LLC, No. 15-2501, 2019 WL 4794103, at *1 (W.D. La. Sept. 30, 2019) (citing Cashman Equip. Corp. v. Smith Marine Towing Corp., No. CV 12-945, 2013 WL 12229038, at *7 (E.D. La. June 27, 2013), report and recommendation adopted, No. CV 12-945, 2013 WL 12228976 (E.D. La. July 12, 2013)); see also NOP, LLC v. Kansas, No. CIV.A. 101423, 2011 SL 1485287, at *5 (E.D. La. Mar. 23, 2011), report and recommendation adopted, No. CIV.A. 10-1423, 2011 WL 1558687 (E.D. La. Apr. 18, 2011). In such cases, courts "need not segregate fees

when the facts and issues are so closely interwoven that they cannot be separated." Id. Rather, the determinative inquiry is whether the claims include a common core of facts or were based on related legal theories linking them to the successful claim. See id. If the facts and issues are closely interwoven, the prevailing party may recover reasonable attorneys' fees incurred to defend against the intertwined claims. See id.

In the instant case, the law from which the state defamation and Sherman Act claims arise do not provide for award of attorneys' fees. See 15 U.S.C. §1 and §2. Based on review of the facts and circumstances of this case, this Court finds that all of the Plaintiff's claims rest on a common core of operative facts such that it would be impracticable to separate the hours attributable to each related claim. Defendants have also made a good faith effort to exclude unnecessary entries by reducing the attorneys' fees related to depositions by fifty percent, as these fees were associated with both federal and state depositions. See Record Document 306-1.

The Fifth Circuit has noted that attorneys' fees generally may not be recovered for attending, rather than participating in, or conducting depositions when the time spent is duplicative and unnecessary. See Coleman v. Houston Independent School Dist., 202 F.3d 264 (1999). This Court notes that the entries included in Record Document 306-1 relating to partners Marshall R. Pearce, D. Brennan Hussey, and Sarah Eilts Assad and associate attorney Stuart J. Crichton's appearance at depositions do not specify which hours are for participation, as compared to attendance. See Record Document 306-1. Given the nature of Plaintiff's claims and allegations of conspiracy, this Court finds the entries for counsels' appearance, whether attendance or participation, at co-defendants' depositions reasonable. Thus, Defendants have exercised sound billing judgment in

seeking this award of attorneys' fees. Based upon this Court's review of the facts of this case and the Detailed Time Reports in Record Document 306-1, this Court finds that the hours requested by Defendants are reasonable for purposes of the lodestar calculation.

This Court must also determine reasonable hourly rates for billing attorneys and paralegals. A reasonable hourly rate is "to be calculated according to the prevailing market rates in the relevant community" and is a rate "adequate to attract competent counsel." Blum v. Stenson, 465 U.S. 886, 895–97, 104 S.Ct. 1541, 1547–48. This Court accepts that hourly rates of $150-175 for partners with 9-40+ years of experience, $135 for an associate attorney, and $80-85 for four paralegals are acceptable rates within the Western District of Louisiana. Such rates are also customary as to the fees normally charged by the firm. See Record Document 306-1. Thus, the hourly rates are reasonable for purposes of the lodestar calculation.

Based on the foregoing analysis, the lodestar is $87,204.00. There is a strong presumption that this lodestar figure is reasonable, "but that presumption may be overcome in rare circumstances where the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." Perdue, 559 U.S. at 554, 130 S.Ct. at 1673. The lodestar includes most, if not all, of the relevant factors constituting a reasonable attorney fee. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566, 106 S.Ct 3088, 3098 (1986). Novelty and complexity of issues, special skill and experience of counsel, quality of representation, and results obtained from litigation are presumably fully reflected in the lodestar and thus cannot be independent bases upon which a court increases the lodestar. See Blum v.

Stenson, 465 U.S. at 898–900, 104 S.Ct. at 1548–50. This Court finds that none of the Johnson factors warrant an increase or decrease in the award sought by Defendants.

Under Rule 1.5(a) of the Louisiana Rules of Professional Conduct, the factors to be considered in determining the reasonableness of attorney's fees are substantially similar to those considered under the federal lodestar analysis. This Court likewise finds that none of the Rule 1.5(a) factors warrant an adjustment to the award sought by the Defendants.

As to the third category of costs relating to federal and state depositions identified in Record Document 306-1, reasonable out-of-pocket expenses such as photocopying, paralegal assistance, travel, and telephone are recoverable in cost awards. See Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990). Ultimately, reasonableness of costs awarded is within the sound discretion of the Court. See id; see also La. Code Civ. Proc. Ann. art. 1920.

This Court has reviewed the requested deposition expenses and strikes Defendants' request for meal expenses and ambiguous out-of-town travel expenses totaling $519.10. This Court otherwise finds the requested expenses in Record Document 306-1 reasonable. Thus, the adjusted total for deposition costs is $16,357.31. Given that Defendants requested fifty percent of costs and because the costs are applicable to federal and state suits, an award of fifty percent of costs is reasonable. Accordingly, this Court awards Defendants costs totaling $8,178.66.

7

**CONCLUSION**

Based on the foregoing analysis, this Court finds attorneys' fees in the amount of $87,204.00 and costs in the amount of $8,178.66 to be reasonable. Defendants Robert K. Hill, D.D.S. and Hill D.D.S. are hereby granted $95,382.66 in attorneys' fees and costs.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of August, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT