UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RYAN HAYGOOD, ET AL. | CIVIL ACTION NO. 13-0335 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRIAN BEGUE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are Plaintiffs' three Motions for Reconsideration of and/or to Alter or Amend the Memorandum Rulings and Orders Awarding Attorney Fees to Defendants. See Record Documents 326, 327, & 328. The total amount of attorney fees awarded in August 2021 was $270,661.80. See Record Documents 320-325. Defendants Robert K. Hill, D.D.S. and Hill, D.D.S., Inc., Barry Ogden, Camp Morrison, Karen Moorhead, Dana Glorioso, and H.O. Blackwood, D.D.S. oppose the motions and contend the Court's award of attorney fees was entirely proper. See Record Documents 334, 337, & 338.

The instant motions for reconsideration are filed on five grounds: (1) Plaintiffs were deprived of the opportunity to object to the detailed time submissions since the Court did not issue a briefing schedule; (2) the award of attorney fees for discovery and related activities conducted solely under the auspices of the state court was in error; (3) the award of attorney fees was premature; (4) the award of attorney fees is erroneous; and (5) the general impropriety of an award of attorney fees in this matter. See Record Documents 326, 327, & 328. This Court finds no legal grounds under Rules 54, 59, or 60 to reconsider or alter/amend it prior rulings based on Plaintiffs' arguments that they were deprived of the opportunity to object to the detailed time submissions since the Court did not issue a briefing schedule; the award of attorney fees for discovery and related activities

conducted solely under the auspices of the state court was in error; the award of attorney fees is erroneous; and the general impropriety of an award of attorney fees in this matter. While it is true the Court did not set briefing deadlines after the submission of the detailed time records, Plaintiffs' "assum[ption] that the District Court had tabled the quantum of attorney fees until such time as the Fifth Circuit issued its opinion in *Haygood II*" was misplaced. Record Documents 326-2 at 15, 327-2 at 16, & 328-2 at 16. Counsel for Plaintiffs were free to inquire with the Court as to briefing deadlines and/or to file a response to the detailed time submissions at any time with the Court, but they failed to do so for years, not simply a matter of months. Additionally, this Court has previously addressed in great detail not only the propriety of the award of attorney fees, but also its lodestar analysis to reach the quantum of attorney fees. The Court specifically considered the interwoven nature of the many claims and proceedings in this case, all of which involved a common core of facts and were based on related legal theories. The motions are **DENIED** on these four grounds.

    The Court will now move to Plaintiffs' argument that the award of attorney fees was premature. Plaintiffs note:

> [T]his Court's rulings on the underlying motions that formed the basis of the attorney fees award are currently on appeal with the Fifth Circuit. *Haygood II*. This matter was submitted to the Fifth Circuit in July 2019; the Fifth Circuit heard oral argument on December 4, 2019; and, on May 28, 2020, the Fifth Circuit requested supplemental briefing. Nearly two years after oral argument – and as of the date of the filing of this motion for reconsideration – the Fifth Circuit has yet to issue an opinion.

Record Documents 326-2 at 21, 327-2 at 22, & 328-2 at 21-22. In sum, Plaintiffs contend an award of attorney fees is premature because the merits of their appeal have not yet been ruled on by the Fifth Circuit. See Record Document 326-2 at 22, Record Document

327-2 at 22, & Record Document 328-2 at 22. The Court is more persuaded by this argument and agrees to stay the enforcement of the orders awarding attorney fees in this case until such time as the Fifth Circuit rules in Haygood II. Thus, the Motions for Reconsideration of and/or to Alter or Amend the Memorandum Rulings and Orders Awarding Attorney Fees to Defendants (Record Documents 326, 327, & 328) are **GRANTED** on this ground alone and only to the extent that the orders awarding attorney fees are stayed and otherwise held in abeyance until such time as the Fifth Circuit issues its opinion in Haygood II.

Accordingly, as set forth above, Plaintiffs' Motions for Reconsideration of and/or to Alter or Amend the Memorandum Rulings and Orders Awarding Attorney Fees to Defendants (Record Documents 326, 327, & 328) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of January, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT